# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE

Roger Peter Rinaldi and Desa Lilly Rinaldi,    Chapter 13

    Debtors    Case No. 11-35689-svk

Roger Peter Rinaldi, et al.,

    Plaintiffs,    Adversary No.12−02412−svk

        v.

HSBC Bank USA, N.A., et al.,

    Defendants.

**BRIEF IN OPPOSITION TO MOTIONS TO DISQUALIFY LITCHFIELD CAVO LLP FROM REPRESENTING HSBC BANK, USA, N.A., WELLS FARGO BANK, N.A. AND WELLS FARGO ASSET SECURITIES CORPORATION IN THE ADVERSARY PROCEEDING AND FROM REPRESENTING WELLS FARGO BANK, N.A. IN THE UNDERLYING BANKRUPTCY PROCEEDING**

Defendants HSBC Bank USA, National Association as Trustee for Wells Fargo Home Equity Asset-Backed Securities 2005-2 Trust, Home Equity Asset-Backed Certificates, Series 2005-2, ("HSBC") Wells Fargo Bank, N.A., ("Wells Fargo") Wells Fargo Asset Securities Corporation ("WFASC"), Litchfield Cavo LLP, and Brad A. Markvart[1], by their counsel, Stephanie L. Dykeman of Litchfield Cavo LLP; submit the following opposition to: (1) the Rinaldis' motion to disqualify Litchfield Cavo and Attorney Dykeman from representing HSBC, Wells Fargo, and WFASC in the adversary proceeding; and (2) the Rinaldis' motion to disqualify Litchfield Cavo and Attorney Dykeman from representing Wells Fargo in the underlying bankruptcy proceeding.

---

[1] Litchfield Cavo LLP and Attorney Markvart are collectively referred to as "Litchfield Cavo" where appropriate.

1

# INTRODUCTION

## I. OVERVIEW.

Roger Rinaldi and Desa Rinaldi (collectively referred to as "the Rinaldis") have filed two motions to disqualify Litchfield Cavo; one motion to disqualify Litchfield Cavo from representing HSBC, Wells Fargo, and WFASC in the adversary proceedings and one motion to disqualify Litchfield Cavo from representing Wells Fargo in the underlying bankruptcy proceedings. Neither motion is supported by legal authority or fact. To the contrary, legal authority and the facts of this case demonstrate the motions have no merit. The Rinaldis assert these baseless motions solely for the improper purpose of harassing their opponents. This Court should reject the Rinaldis' abusive litigation tactic and deny their motions to disqualify.

## II. SUMMARY OF THE MOTION TO DISQUALIFY LITCHFIELD CAVO IN THE ADVERSARY PROCEEDING.

While it is difficult to follow the arguments raised by the Rinaldis in the motion to disqualify counsel in the adversary proceeding, it appears the sole basis for their argument is a manufactured conflict of interest the Rinaldis are not competent to raise. The Rinaldis argue there is a conflict of interest between the co-defendants, HSBC, Wells Fargo, and WFASC. They also argue there is a non-waivable conflict between Litchfield Cavo on the one hand and HSBC, Wells Fargo and WFASC on the other.

Without a shred of evidence, the Rinaldis assert a conflict exists between HSBC and Wells Fargo "insofar as Wells Fargo is merely using the name of HSBC to engage in fraud on the Court and to tortiously injure the Plaintiffs," and that a counterclaim exists by HSBC against Wells Fargo and WFASC for the alleged failed trust.

They also claim without factual support that HSBC has not retained Litchfield Cavo in any proceedings (state or federal) for the purpose of litigation.

Again they claim without support that a potential malpractice claim against Litchfield Cavo prohibits counsel from Litchfield Cavo from representing HSBC, Wells Fargo and WFASC.

Finally, the Rinaldis asserts Litchfield Cavo's representation of HSBC, Wells Fargo and WFASC violates of SCR 20:3.7: Lawyer as witness. However, as discussed below, Rule 20:3.7 is not implicated in this case.

For the reasons discussed in greater detail below, the Rinaldis assertion of a conflict of interest between HSBC, Wells Fargo, WFASC and Litchfield Cavo is simply a dreamed up fiction, unsupported by facts. A mythical conflict raised by a non-client may not serve as a basis for disqualification. Moreover, the Rinaldis do not have standing to seek disqualification as they were never a client of Litchfield Cavo.

### III. THE MOTION TO DISQUALIFY LITCHFIELD CAVO IN THE UNDERLYING BANKRUPTCY.

The motion to disqualify Litchfield Cavo from representing Wells Fargo in the underlying bankruptcy is even more incomprehensible than the motion described above. For purposes of clarifying the roles and scope of representation of Litchfield Cavo and Gray & Associates in the underlying bankruptcy, the Court should be aware Litchfield Cavo represents Wells Fargo Bank, National Association d/b/a Wells Fargo Home Mortgage d/b/a Wells Fargo Asset Securities Corporation d/b/a Wells Fargo Home-Equity Asset-Backed Certificates 2005-2 d/b/a America's Servicing Company, as named by the Rinaldis in the Kenosha County Circuit Court action, Case No. 2011-CV-1477 ("the 2011 Kenosha County Action"), filed by the Rinaldis against Wells Fargo and other defendants. Wells Fargo moved to dismiss the 2011 Kenosha County Action, and before the court could render its decision, the Rinaldis filed this bankruptcy proceeding. Hence, Litchfield Cavo's limited role in the underlying bankruptcy is

for the purpose of seeking clarification from this Court that the 2011 Kenosha County Action filed against Wells Fargo is not stayed by virtue of the bankruptcy proceedings.

Gray & Associates represents HSBC Bank USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation Home Equity Asset-Backed Certificates, Series 2005-2 for purposes of enforcing its client's security interest in the property located at 22311 121st St, Bristol, WI 53104-9310. Apparently, the Rinaldis do not appreciate the difference in the representation by Gray & Associates and by Litchfield Cavo.

It is not clear the basis for the Rinaldis' request that Litchfield Cavo be disqualified from representing Wells Fargo as it relates to the motion to lift the stay so the 2011 Kenosha County Action may proceed. The Rinaldis repeatedly make allegations of fraud by the lawyers in this case without a shred of support, and rely on this unsupported allegation of "fraud" as a basis to disqualify Litchfield Cavo.

In the final analysis, the Rinaldis have used the adversary complaint and the motions to disqualify improperly as a litigation strategy to attempt to disqualify counsel. They seek a drastic remedy without any legal or factual support. They do not cite a single case in which the court disqualified counsel under analogous circumstances. They do not submit a single affidavit to support the unsubstantiated assertions in their motions. Accordingly, this Court should deny the motions to disqualify Litchfield Cavo.

**ARGUMENT**

I. **DISQUALIFICATION IS AN EXTREME REMEDY THAT IS UNWARRANTED IN THIS CASE.**

The Rinaldis attempt to create a disadvantage for their opponents in this case by seeking to disqualify their chosen counsel. The Wisconsin Constitution specifically recognizes a litigant's right to choose counsel in a civil case. Wis. Const. Art. I, § 21 ("In any court of this

4

state, any suitor may prosecute or defend his suit either in his own proper person or by an attorney of the suitor's choice.") In this case, the Rinaldis attempt to deprive Wells Fargo, HSBC and WFASC of their chosen counsel. Wisconsin courts have a long history of respecting a party's right to select counsel.

In *Foreki v. Kohlberg*, 237 Wis. 67, 295 N.W. 7 (1940), the defendant objected to an attorney's representation of co-plaintiffs where there was a counterclaim asserted against one of the plaintiffs. The court denied the motion to disqualify.

> . . . [W]e think it clear that defendants have no right to object on the ground that [the attorneys] represented adverse interests. . . . "Only a party who sustains a relation of client to an attorney who undertakes to represent conflicting interests may be entitled to object to such representation." 295 N.W. at 10 *citing* 7 C.J.S. Attorney and Client, 827, § 47.

The Rinaldis are neither current nor former clients of Litchfield Cavo, and, therefore, not in a position to raise an objection (and an unsupported one at that) that Litchfield Cavo represents adverse interests. (Affidavit of Stephanie L. Dykeman, ¶ 2).

The Seventh Circuit Court of Appeals in *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715 (7th Cir. 1982) admonished that motions to disqualify should be viewed with extreme caution.

> A disqualification of counsel, while protecting the attorney-client relationship, also serves to destroy a relationship by depriving a party of representation of their own choosing. We do not mean to infer that motions to disqualify counsel may not be legitimate, for there obviously are situations where they are both legitimate and necessary; nonetheless, such motions should be viewed with extreme caution for they can be misused as techniques of harassment.

*Id.* at 721-22.

In the final analysis, a party "is entitled to a degree of deference in the prerogative to proceed with counsel of [its] choice, and . . . disqualification is a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Owen v. Wangerin*, 985 F.2d 312,

5

318 (7th Cir. 1993) (citations omitted). This Court must reject the Rinaldis misuse of motions to disqualify.

## II. THE RINALDIS DO NOT HAVE A PERSONAL INTEREST THAT IS ADVERSELY AFFECTED BY COUNSEL'S REPRESENTATION OF WELLS FARGO, WFASC AND HSBC AND THEREFORE, DO NOT HAVE STANDING TO SEEK DISQUALIFICATION..

### A. Wisconsin Law Recognizes A Limited Exception To The General Rule That Allows A Non-Client To Seek Disqualification.

The Wisconsin Supreme Court recently discussed a rare exception to the general rule that only a former or current client has standing to move to disqualify an attorney from representing someone else in a civil action. *Foley-Ciccantelli v. Bishop's Grove Condominium Assoc., Inc.*, 2011 WI 36, 333 Wis.2d 407, 797 N.W.2d 789. In that case, the plaintiff slipped and fell at the defendant condominium, which had been managed by a former client of the plaintiff's attorney.

The defendant condominium association moved to disqualify counsel for the plaintiffs on the basis the firm of the plaintiffs' attorney had previously represented the property manager for the defendant condominium association.

The court of appeals certified two questions to the Supreme Court: (1) Whether the non-client party had standing to move to disqualify the opposing party's attorney based on the attorney's prior representation of a non-party? and (2) Did the circuit court err in applying an "appearance of impropriety" standard in deciding the motion to disqualify?

As for the standing issue, the court held:

> **[A]*s a general rule only a former or current client has standing to move to disqualify an attorney from representing someone else in a civil action*. Nevertheless, a non-client party may establish standing, that is, may establish a personal interest in the controversy is adversely affected and that judicial policy calls for protection of that interest, when the prior representation is so connected with the current litigation that the prior representation is likely to affect the just and lawful determination of the non-client party's position.

*Id.* at ¶ 7 (emphasis added).

The court recognized a number of reasons for limiting the ability of a non-client party from seeking disqualification of an opposing party's attorney, including: (1) disqualification is designed to *protect the client*, and not third-parties; and (2) disqualification motions might be *used abusively as a litigation tactic and this should be discouraged*.

The Wisconsin Supreme Court considered the broad approach to the standing issue that would allow non-clients, like the Rinaldis, to seek disqualification as the rule not the exception and rejected the broad because it "might open the door to numerous motions to disqualify and might enable parties to misuse the motion as a procedural weapon to obtain delay and increase the opposing parties' costs." *Id.* at ¶ 67. The motion filed by the Rinaldis is precisely the abusive type of motion the Wisconsin Supreme Court discouraged.

The court ultimately adopted the middle-of-the-road approach, which recognizes that rules of professional conduct should not be used as procedural weapons and that non-client parties generally do not have standing to enforce a former clients' rights. *Id.* at ¶ 69.

> **B. The Rinaldis Do Not Satisfy The Requirements For Application Of The Exception To The General Rule, And, Therefore, Do Not Have Standing To Seek Disqualification.**

In the *Bishop's Grove* case, the plaintiffs-attorney's representation of the property manager of the defendant condominium association warranted his disqualification as counsel for the plaintiffs because the plaintiffs would have an unfair advantage arising from their attorneys' prior representation of the defendant's property manager as follows: (1) plaintiffs intended to rely on testimony from his former client related to its duties as the exclusive property manager for the defendant; (2) that the plaintiffs asserted the defendant was liable for the former client's acts and omissions in maintaining the property; and (3) the plaintiffs would have special insight

into how the former client managed the defendant's property from its many years of representing the property manager.

In *Bishop's Grove*, the defendant was aligned in interest with the plaintiffs' former client, the management company. The defendant's liability arose from the former client's acts or omissions. Hence, counsel's representation of and special relationship with the management company gave the plaintiffs an unfair advantage.

Unlike the situation in *Bishops Grove*, where the former client and non-client/moving party were aligned in interest, the Rinaldis have not demonstrated they satisfy the exception to the general rule. They have not demonstrated they have a personal interest in Litchfield Cavo's representation of the HSBC, Wells Fargo or WFASC. The Rinaldis are not aligned in interest with any of these parties and Litchfield Cavo's familiarity with HSBC, Wells Fargo and WFASC does not give these parties an unfair advantage over the Rinaldis. While Litchfield Cavo's representation of these parties in prior litigation is related to the adversary proceeding and underlying bankruptcy, it does not have an impact on the just and lawful determination of the Rinaldis' position. The positions and arguments of the parties in the prior litigation and the current litigation are consistent and are directly opposed to the Rinaldis. Unlike the situation in *Bishop's Grove*, there is no commonality of interest between the Rinaldis on the one hand and HSBC, Wells Fargo, WFASC, or Litchfield Cavo on the other hand.

Based on the above, the Rinaldis do not have standing to seek to disqualify Litchfield Cavo or Attorney Dykeman pursuant to the exception to the general rule set forth in *Bishop's Grove*.

## III. THE RINALDIS HAVE NOT SUBMITTED ANY PROOF OF A CONFLICT OF INTEREST THAT WARRANTS DISQUALIFICATION.

### A. The Rinaldis Have Not Submitted Evidence To Support Their Assertion A Conflict Exists In The First Instance.

Furthermore, even if the Rinaldis had standing, they have not demonstrated a factual basis for an actual conflict. Again, the situation presented in this case is vastly different from the situation in *Bishop's Grove.*

In that case, the plaintiffs' attorney would have received information from its former client, the management company, that is relevant to the plaintiffs' case and that would be harmful to the former client if it was revealed. In other words, in *Bishop's Grove* there was a substantial relationship between the subject matter of the representation of the property manager and the subject matter of a subsequent adverse representation. *Id.* at ¶ 90. The same cannot be said for the instant case.

In this case, the subsequent representation of the Wells Fargo, HSBC, WFASC and Litchfield Cavo does involve the same matter as prior litigation, i.e., the Rinaldis' mortgage and note. However, the interests of the Wells Fargo, HSBC, WFASC, and Litchfield Cavo are not materially adverse, and Wells Fargo, HSBC and WFASC consented to the representation. *Id* .at ¶ 94; Affidavit of Stephanie L. Dykeman, ¶ 4.

Furthermore, the applicable Pooling and Servicing Agreement governs any claims filed against the Trustee (i.e., HSBC) and the Depositor (i.e., Wells Fargo Asset Securities Corporation), including Wells Fargo's agreement to defend and hold harmless HSBC and Wells Fargo Asset Securities Corporation. (Dykeman Aff., ¶ 3, Exh. A). Wells Fargo had a contractual obligation to defend HSBC and WFASC, and Wells Fargo subsequently retained Litchfield Cavo to represent these defendants.

Finally, the source of the alleged conflict, i.e., the alleged "fraud" committed in the name of HSBC and alleged failure to fund the trust, asserted by the Rinaldis was simply manufactured by them for the apparent purpose of convincing this Court it should disqualify Litchfield Cavo. This Court should not endorse such baseless accusations, particularly where the Rinaldis failed to submit a single affidavit or piece of evidence that even implies the predicate for a conflict of interest in this case. To entertain the Rinaldis argument would encourage parties to concoct theories for the improper purpose of disqualifying opposing counsel.

**B.  Legal Authority Requires The Court To Deny The Rinaldis Motions.**

Like the situation in *Philips Medical Systems v. Bruetman*, 8 F.3d 600 (1994), the Rinaldis have not demonstrated an actual conflict of interest exists. They claim HSBC and WFASC are in conflict with Wells Fargo because Wells Fargo allegedly acts in HSBC's name to commit fraud. First, there is not a shred of factual support for this contention. Second, as in *Philips Medical System,* HSBC, Wells Fargo, and WFASC do not have distinct, adverse interests based on the language in the indemnity provision of the Pooling and Servicing Agreement. HSBC, Wells Fargo, WFASC, and Litchfield Cavo are united in interest in defense of the legally deficient adversary complaint which the Rinaldis apparently filed for the purpose of driving a wedge between client and counsel.

In *Philips,* the district court, on its own motion, improperly disqualified the attorneys for the defendants on the basis the attorneys represented Mr. Bruetman individually and his corporations and that Bruetman had been acting without specific authorization from the corporations. The court was concerned that Bruetman and the corporations may have adverse interests. The Seventh Circuit reversed the disqualification.

> No determination of an actual conflict of interest was ever made; so far as appears, the corporations have no interests separate from Bruetman, who controls them and appears to own most of their stock.

*Id.* at 606. In this case, there is no evidence of an actual conflict, just a theoretical conflict.

The Rinaldis demonstrate no financial, legal or other identifiable harm to HSBC, Wells Fargo, or WFASC by Litchfield Cavo's representation of HSBC, Wells Fargo, WFASC or Litchfield Cavo in the adversary proceeding or its continued representation of Wells Fargo in the bankruptcy proceeding. *Bishops Grove,* 2011 WI 36 at ¶ 111. The Pooling and Servicing Agreement resolves the perceived conflict raised by the Rinaldis. *See Wade v. Soo Line Railroad Corp.,* 500 F.3d 559 (7th Cir. 2007) (noting that had an adverse party agreed to indemnify the potential liable party for its liability, and if the adverse party were sure to be solvent, then there would be no conflict).

As the Wisconsin Supreme Court stated, a mere possibility that different interests might develop a conflict is not sufficient grounds to disqualify counsel.

> [The] mere possibility that different interests represented by an attorney might develop a conflict is not sufficient to disqualify [her]. Nor is an attorney to be disqualified merely by reason of conduct with respect to a party not amounting to an impropriety under the circumstances of the particular case, or where different parties represented by an attorney were actually benefited rather than adversely affected by the attorney's conduct.

*Forecki,* 295 N.W. at 11. The Rinaldis have pointed to nothing more than a mere possibility of a different interest without any factual support. The Seventh Circuit Court of Appeals reversed the decision to disqualify counsel in *Freeman* because, "the possible appearance of impropriety . . .is simply too weak and too slender a reed on which to rest a disqualification in this case, particularly where the mere appearance of impropriety is far from clear. *Freeman*, 689 F.2d. at 723. This Court should reach the same conclusion in this case.

## IV. THE LAWYER AS A WITNESS RULE IS NOT IMPLICATED IN THIS CASE.

The Rinaldis' reference to Rule 20:3.7 as a basis to disqualify Litchfield Cavo is a red herring. Rule 20:3.7 cautions that a lawyer should avoid representing a client in a matter in which the lawyer will be a witness. This rule does not apply in this case.

First, the Rinaldis have not demonstrated any basis for calling Attorney Markvart as a witness. Furthermore, any testimony he could provide would be barred by the attorney-client privilege and work product doctrine. Finally, Rule 20:3.7 specifically allows another attorney from the firm, i.e., Attorney Dykeman, to act as an advocate on behalf of the client. Hence, Rule 20:3.7 does not serve as a basis to disqualify Litchfield Cavo in the adversary proceeding or the underlying bankruptcy.

## CONCLUSION

In the final analysis, this Court should not deprive the parties their chosen counsel. *Bishop's Grove,* 2011 WI 36 at ¶101-102. "In Wisconsin, a litigant's right to prosecute or defend a suit with an 'attorney of the suitor's choice' is protected by the state Constitution." *Id.* at ¶ 102. Instead, HSBC, Wells Fargo, WFASC and Litchfield Cavo urge this Court to heed the concerns of the Wisconsin Supreme Court and reject this abusive litigation tactic by the Rinaldis.

Dated this 3rd day of August, 2012.

DIRECT INQUIRIES TO:
Stephanie L. Dykeman
Litchfield Cavo LLP
13400 Bishops Lane, Suite 290
Brookfield, WI 53005
Phone: (262) 784-8931
Fax: (262) 784-8812
dykeman@litchfieldcavo.com

s/Stephanie L. Dykeman
Stephanie L. Dykeman, WBN 1035857
Attorney for HSBC Bank USA, N.A.,
Litchfield Cavo LLP, Brad A. Markvart,
Wells Fargo Bank, N.A., Wells Fargo
Asset Securities Corporation, and
America's Servicing Company