UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Roger Peter Rinaldi and Desa Lilly Rinaldi,
         Debtors

Roger Peter Rinaldi and Desa Lilly Rinaldi,     Case No. 11-3689-SVK-13
         Plaintiffs,

v.

HSBC Bank USA, N.A., et al.          Adversary Proceeding No: 12-02412-SVK
         Defendants

**BRIEF IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6) AND FED. R. BANKR. P. 7012**

Defendants, HSBC Bank, USA, N.A. ("HSBC"), Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo Asset Securities Corporation ("WFASC"), Litchfield Cavo LLP and Brad Markvart (collectively referred to as "Litchfield Cavo") submit herewith their brief in support of their motion to dismiss the Adversary Complaint filed by Roger and Desa Rinaldi ("the Rinaldis").

The Rinaldis assert six meritless causes of action against these defendants arising from a 2009 foreclosure action filed by HSBC against the Rinaldis in Kenosha County, Wisconsin Circuit Court. For the reasons set forth below, the Adversary Complaint is legally deficient in all respects and, therefore, should be dismissed on its merits.

## FACTS/BACKGROUND

### I.    HISTORY OF LITIGATION BETWEEN PARTIES.

The Rinaldis executed a note and mortgage on June 10, 2005. (Adv. Compl. Exhs. A&B). HSBC Bank USA, NA as Trustee for Wells Fargo Asset Securities Corporation Home Equity Asset Backed Certificates, Series 2005-2 commenced a foreclosure action in Kenosha County,

1

Wisconsin Circuit Court, Case No. 09-CV-353 ("the Foreclosure Action) when the Rinaldis defaulted on their obligations under the note and mortgage.

HSBC moved for summary judgment on the foreclosure complaint and the Rinaldis' counterclaims,[1] and after briefing and hearing on the motion, the court granted HSBC's motion, thereby granting judgment of foreclosure and dismissing the Rinaldis' counterclaims. (Dykeman Aff., ¶ 2-3; Exhs. A-B). In granting HSBC's motion, the court admonished the Rinaldis:

> I do want to warn you, as I've warned you in the past, about unnecessary and frivolous motions or other submissions…. [I]f it comes to the point that there is ultimately a determination by the Court that it rises to the level of -- as I referred to before -- a scorched earth policy -- you must take great care, because if the Court ends up awarding attorneys fees as part of -- or with a finding that they were deliberately done to impede the rights of the plaintiff without sufficient legal cause, . . . . Some of the material you filed so far would border on, if not be, in that territory.

(Dykeman Aff, ¶ 2; Exh. A; Trans. of September 4, 2009 Hearing, pp. 20-21).

The Court stood by its decision despite the Rinaldis' subsequent motion for reconsideration and motion to vacate the judgment. (Dykeman Aff. ¶ 4-5; Exhs. C-D). The court again admonished the Rinaldis:

> ...I have warned you before. You have to understand something. Not only are you costing the plaintiff money, you are also … costing the taxpayers money when I have to devote time to your mountain of frivolous arguments. … [T]his is your last warning. … This is your last warning. But I want to make it loudly and clearly. I've said these things before, but I'm going to say it one more time. If you have something legitimate, I'll hear it. You're entitled to bring it, but you need to think long and hard about what you're doing. … It has to do with the integrity of the Court processes. ... [I]n most cases when they go with the waiver of deficiency judgment, it sweeps the whole board clean and the people emerge without any remaining indebtedness to the lender. That's not going to be the case if you continue to file frivolous motions.

(Dykeman Aff., ¶ 7; Exh. F; Trans. of December 14, 2010 Hearing, pp. 12-14).

---

[1] The counterclaim asserted by the Rinaldis in the Foreclosure Action raises similar allegations to those in the Adversary Complaint. (Dykeman Aff., ¶ 6; Exh. E).

After judgment was entered in favor of HSBC, the Rinaldis negotiated a loan modification, and the Foreclosure Action was dismissed. (Dykeman Aff. ¶ 8; Exh. G; Foreclosure Action Docket Nos. 97-98).

Shortly after the loan modification, the Rinaldis filed an affirmative claim against HSBC, Wells Fargo, WFASC and Gray & Associates, Kenosha County, Wisconsin Circuit Court Case No. 11-CV-1477 ("the Kenosha County Action"). In that case, the Rinaldis assert, as they do in the instant case, claims arising from an alleged fraudulent securitization scheme. The causes of action asserted in the Kenosha County Action mirror those raised and rejected in the Foreclosure Action. (Dykeman Aff., ¶ 9; Exh. H).

Wells Fargo and the Gray & Associates defendants filed motions to dismiss the Kenosha County Action with prejudice. During the initial hearing, the court echoed its previous warning:

> … the defendant's claim that much of the material is duplicative of materials which I previously indicated to the Rinaldis directly here in the courtroom were frivolous and warned them about the ugly potential consequences of abusing the court system and the rights of other parties; that is as a matter of course of concern to the Court. And it's further alleged by the defendants that some of the material which was filed is copied word for word and letter for letter from some proceeding in the State of Alabama unrelated to this case. … That, too, is a matter of concern to the Court.

(Dykeman Aff., ¶ 10; Exh. I; Trans. of September 14, 2011 Hearing, p. 15)

The motions to dismiss are still pending as the Kenosha County Action has been stayed since the Rinaldis filed their bankruptcy petition in October 2011.

## II. ALLEGATIONS IN THE ADVERSARY COMPLAINT.

It is difficult to summarize the rambling allegations in the Adversary Complaint. The heart of the Rinaldis' complaint focuses on an alleged "criminogenic enterprise" to foreclose the mortgage and seize the Rinaldis' home through a conspiracy to defraud the court and the Rinaldis. The Adversary Complaint is rife with editorial commentary regarding the state of the

banking system and the TARP without any explanation of the connection to the loan at issue in this case. These allegations do not support any claim asserted against the Defendants. They are red herrings intended to predispose the Court against the Defendants.

The heart of the Rinaldis' claim centers on allegations of fraud in the origination of the loan at issue and on their misguided belief that HSBC does not have standing to foreclose based on conclusory averments of a forged endorsement on the note and fraudulent assignment of the mortgage. Curiously absent from the Rinaldis' Adversary Complaint is a single allegation they relied on the assignments to their detriment (for example, by making payments to the wrong entity), or an exhibit showing an assignment to another entity.

The Rinaldis assert foreclosure counsel caused forged documents to be attached to Proof of Claim # 6, that all defendants have acted in concert to abuse the legal process in an effort to seize the Rinaldis home, that the Defendants are debt collectors, that the defendants have acted in violation of the FDCPA (presumably by filing the alleged forged documents), and that they have engaged in fraud by pursuing a debt not owed. Each claim is premised on alleged fraud in the origination of the loan or fraud with respect to the assignment of the mortgage.

Specific to Litchfield Cavo the entire claim against Litchfield Cavo arises from its conduct in litigation in representing its clients.

Each of the claims asserted in the Adversary Complaint fails as a matter of law. First, the claims are precluded by the doctrine of claim preclusion and the *Rooker-Feldman* Doctrine. Second, the FDCPA, intentional tort, and breach of contract claims are barred under the applicable statutes of limitations. 15 U.S.C. § 1692k(d); Wis. Stat. § 893.57 (2007-2008); Wis. Stat. s 893.43.

Third, the FDCPA claim fails as a matter of law because the Defendants were not debt collectors engaged in debt collection activities in the Foreclosure Action, the Kenosha County Action, or the underlying bankruptcy. Fourth, the Abuse of Process claim fails as to all Defendants on the basis the Rinaldis do not allege any "definite act or threat" and "irregular steps" by any Defendant under cover of process, after its issuance.

Fifth, Federal Rule of Civil Procedure 9(b) requires the Rinaldis to plead their claims, all premised on averments of fraud, with particularity. They have failed to do this, and, therefore, their claims must be dismissed. Sixth, in addition to being time barred, the tortious interference claim against all Defendants fails to state a claim upon which relief may be granted as it does not allege interference with an actual or prospective contract.

Seventh, the litigation privilege bars the common law claims asserted by the Rinaldis against the Defendants because they assert claims arising from statements made in litigation. Eighth, the Declaratory Judgment claim is based on the Rinaldis' misunderstanding of the law of negotiable instruments and standing to foreclose.

Finally, the claims asserted are not "core proceedings". Hence, this Court should decline to hear these matters. *See In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993).

## ARGUMENT

## I.      STANDARD ON MOTIONS TO DISMISS.

The Defendants respectfully request that this Court dismiss the Adversary Complaint on the basis it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012. While this Court must view all facts alleged in the Adversary Complaint, and reasonable inferences drawn from the allegations, in the light most favorable to the plaintiffs, the

they must include in their complaint "enough facts to state a claim for relief that is plausible on its face". *Village of Rosemont v. Jaffe*, 482 F.3d 926, 936 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Adversary Complaint does not provide more than labels and conclusions. Hence, it must be dismissed because "a formulaic recitation of the elements of a cause of action will not do." *Id*.

## II. THE ADVERSARY COMPLAINT IS PRECLUDED BY THE FORECLOSURE ACTION.

The order granting HSBC's motion for summary judgment in the Foreclosure Action precludes the Rinaldis' claims. (See Gray & Associates' Supplemental Brief).[2] The Rinaldis have had their day in court and now seek to undo the rulings of the state court contrary to the doctrine of claim preclusion and the *Rooker-Feldman* Doctrine.

## III. THE FDCPA CLAIM IS TIME BARRED AND OTHERWISE FAILS AS A MATTER OF LAW.

### A. The FDCPA Claim Must Be Dismissed On The Basis It Was Not Timely Filed.

The FDCPA claim asserted against the Defendants must be dismissed on the basis the Rinaldis asserted the claim more then one year after the claim accrued.[3] 15 U.S.C. § 1692k(d) (an action must be brought within one year of the date a violation occurs).

HSBC[4] filed the complaint in the Foreclosure Action was filed on February 3, 2009, and served it on the Rinaldis February 9, 2009 and February 13, 2009. (See Dykeman Aff., ¶ 8, Exh. G, Docket Entries 1, 6,7). The Rinaldis' FDCPA claim, therefore, expired by February 13, 2010.

---

[2] To avoid repetitive briefing to this Court, the Defendants, where appropriate, adopt the arguments raised by Gray & Associates in their initial motion and supplemental brief.

[3] For purposes of this argument only, the Defendants assume they would be subject to the FDCPA in the first instance. As discussed below, the Defendants are not "debt collectors" within the meaning of the FDCPA.

[4] The Adversary Complaint does not identify conduct on the part of WFASC or Wells Fargo that violates the FDCPA, yet the Rinaldis assert the FDCPA claim against these defendants as well. The Rinaldis appear to lump Wells Fargo, HSBC, and WFASC together.

6

The Rinaldis filed their FDCPA claim on June 17, 2012, nearly 2½ years after the expiration of the statute of limitations. Hence, their claim is untimely and must be dismissed.

With respect to Litchfield Cavo, the firm and Attorney Markvart served as litigation counsel in the Foreclosure Action. Litchfield Cavo was retained to defend the Rinaldis' counterclaims against HSBC in that action. Litchfield Cavo's last communication with the Rinaldis and the court in that case was on December 20, 2010,[5] when Attorney Markvart submitted a proposed Order Denying the Defendants' Motion for Relief from Judgment and to Vacate Judgment. Hence, the latest possible date the Rinaldis could even argue an alleged violation occurred was on December 20, 2010, and the statute of limitations expired on December 20, 2011. The Rinaldis filed their claim nearly six months later.

Representations made in the context of the Kenosha County Action were defensive, and not in an attempt to collect a debt. Hence; the statute of limitations is not extended by virtue of the Kenosha County Action.

### B. The Defendants Were Not Debt Collectors Engaged In Debt Collection Within The Meaning Of The FDCPA.

Even if the statue of limitations had not expired on any FDCPA claim against the Defendants, the FDCPA claim fails to state a claim upon which relief may be granted.

The sole basis for the FDCPA claim asserted by the Rinaldis arise from alleged misrepresentations in a foreclosure proceeding or in defense of affirmative claims asserted against Wells Fargo in the Kenosha County Action. Neither of these activities constitutes debt collection within the meaning of the FDCPA.

The Adversary Complaint asserts a FDCPA claim against all defendants. However, with respect to Wells Fargo and WFASC, the Adversary Complaint is devoid of any allegation of

---

[5] The submission of this order is not a debt collection activity in the first instance.

false representations by them in attempt to collect a debt. Hence the FDCPA claim fails as to those defendants as a matter of law.

Second, because the Rinaldis assert a FDCPA claim against HSBC in connection with HSBC's efforts to enforce a security interest, no such claim exists. The enforcement of a security interest through non-judicial foreclosure is not collection of a debt of purposes of the FDCPA. (See cases cited in the Gray & Associates Brief, pp. 3, 8-10); *see also Hutchens v. Bank of America, N.A.*, 2012 WL 1618316 at *8-9 (E.D. Tenn. 2012) (dismissing an FDCPA claim on the basis the plaintiff did not allege debt collection activities and noting the majority of courts have held law firms conducting foreclosures are not liable under the general provisions of the FDCPA because they were enforcing a security interest, not collecting a debt); *Cahill v. Bank of America*, 2012 WL 2562353 (E.D. Cal. June 29, 2012) (holding the claims in that case "arise from and relate to the foreclosure of the Subject Property. The court thus finds that plaintiff has not established than any named defendant engaged in "debt collection practices" under the FDCPA"); *Aguilar v. Investaid Corp*, 2012 WL 2590356 (D. Nev. July 3, 2012) ("Plaintiff's claim fails as a matter of law because foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA."); *also Transamerica Financial Services, Inc. v. Sykes,* 171 F.3d 553, 554 n.1 (7th Cir. 1999) (noting the FDCPA creates causes of action against debt collectors, not creditors). *See also Frase v. U.S. Bank, N.A.*, 2012 WL 1658400 (W.D. Wash. 2012) (finding, "The FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.").

In this case, like the cases in which a foreclosure proceeding was found not to be subject to the FDCPA, HSBC did not seek a deficiency judgment and sought only to enforce a security

interest. (Dykeman Aff., ¶ 11; Exh. J; Foreclosure Complaint). Because the Rinaldis do not allege debt collection activity by the Defendants within the meaning of the FDCPA, the FDCPA claim against these defendants must be dismissed as a matter of law.

## IV.    THE REMAINING CLAIMS ARE BARRED BY THE LITIGATION PRIVILEGE.

The remaining claims asserted in the Adversary Complaint are subject to the litigation privilege, as the alleged conduct occurred in the context of litigation. With respect to Litchfield Cavo, as the Court keenly noted at the August 7, 2012 hearing, the Rinaldis are critical of Litchfield Cavo for representing its clients. The Rinaldis dispute assertions made by Litchfield Cavo on behalf of HSBC in the Foreclosure Action and on behalf of Wells Fargo in the Kenosha County Action and underlying bankruptcy, as opposing parties typically do in our adversary system. While the Rinaldis may disagree with the statements of counsel and submissions by the parties in litigation, they cannot assert a claim against the attorneys or their opposing parties for statements made in the course of litigation.

It is indisputable that "[s]tatements made during judicial proceedings and quasi-judicial proceedings are absolutely privileged when the statements bear proper relationship to the issue, i.e., are relevant to the proceeding." *Bergman v. Hupy*, 64 Wis. 2d 747, 749-51, 221 N.W.2d 898 (1974); *Niedert v. Rieger*, 200 F.3d 522, 525 (7th Cir. 1999); *Bernegger v. Wash. Mut. F.A.*, 2008 WL 4722392, *5-6 (E.D. Wis. 2008). This rule applies to parties to litigation and their counsel. *Bernegger*, 2008 WL 4722392, *6.

The Gray & Associates Defendants describe in detail the decision in the *Bernegger* case, which is on point. The Rinaldis base their common law claims solely on alleged misrepresentations in the Foreclosure Action, the Kenosha County Action and the underlying bankruptcy related directly to the issues at the heart of those matters. Because the alleged

9

statements were relevant to the issues in the litigation, it is undeniable the Defendants are immune from civil liability, and the common law claims must be dismissed.

## V. THE FRAUD CLAIM FAILS AS A MATTER OF LAW BECAUSE THE RINALDIS HAVE NOT ASSERTED THE CLAIM WITH PARTICULARITY.

The Gray & Associates Defendants discuss at great length the heightened pleading standard required when plaintiffs allege fraud. The Defendants, therefore, do not repeat the argument here. The Rinaldis fail to allege any defendant made an untrue representation with intent to defraud the Rinaldis or that the Rinaldis relied on an untrue representation by the Defendants to their detriment. Furthermore, the fraud claim cannot survive a motion to dismiss because it is not plausible on its face. *Twombly*, 550 U.S. at 555.

With respect to WFASC, the Adversary Complaint does not allege WFASC made any representation to the Rinaldis whatsoever, much less the specifics of who, what, where, when, and how required in connection with allegations of fraud. *See Abubo v. Bank of NY Mellon*, 2011 WL 6011787, *4 (D. Haw. 2011).

With respect to Wells Fargo, the Rinaldis allege fraud in the origination of the loan. Again, however, they do not allege the specific who, what, where, when and how. Nor do they allege Wells Fargo had a duty to specifically inform them the loan may be securitized. *See Bittenger v. Wells Fargo Bank, N.A.*, 744 F.Supp.2d 619, 625 (S.D. Tex. 2010). Nor do they allege harm arising from this omission. *See Swanson v. Citibank*, 614 F.3d 400, 406 (7th Cir. 2010) (the plaintiff must plead actual damage arising from its reliance on a fraudulent statement). In fact, the Rinaldis admit they understood the loan may be sold. (Adv, Compl. at ¶ 38). Hence, the fraud claim against Wells Fargo fails as a matter of law.

With respect to HSBC, the Rinaldis allege HSBC, through its counsel, filed fraudulent documents in the Foreclosure Action and the underlying bankruptcy. These bald assertions are

10

not sufficient to satisfy the heightened pleading standard. (See Gray & Associates Brief at pp. 13-14). In addition, the Rianldis have not alleged the "fraudulent" assignments contain a misrepresentation or that they relied on a misrepresentation to their detriment.

As discussed in Section IX, below, the allegations of fraud in the endorsement of the note and assignment of mortgage legally inaccurate. The conclusory allegation the endorsement on the note is forged is not supported by the law nor is it supported by the required level of pleading. In addition, the assignments from Wells Fargo to HSBC do not misrepresent the assignment from Wells Fargo to HSBC. That is precisely what happened in this case.

Furthermore, the Rinaldis do not allege they have been harmed by the assignments. For example, they do not submit a purported assignment from Wells Fargo to another entity that now claims it is the holder and owner of the note and mortgage.

Finally, with respect to Litchfield Cavo, the Rinaldis do not specifically identify the alleged misrepresentations by Attorney Markvart. They generally allege he made representations while advocating on behalf of his clients in litigation. These general allegations do not satisfy the heightened pleading requirement. For these reasons, the fraud claim must be dismissed as a matter of law.

## VI.   THE RINALDIS FAIL TO STATE A CLAIM FOR ABUSE OF PROCESS.

In order to sustain a cause of action for abuse of process, the plaintiffs must allege that those pursuing the prior action possessed an ulterior purpose and misused the legal system to advance the ulterior purpose. *Thompson v. Beecham*, 72 Wis.2d 356, 362, 241 N.W.2d 163 (1976). The Gray & Associates Defendants discuss the requirements for an abuse of process claim in great length in their brief. Accordingly, the Defendants do not repeat those arguments here, but incorporate them by reference.

11

In *Maniaci v. Marquette University*, 50 Wis.2d 287, 184 N.W.2d 168 (1971), the court allowed a claim for abuse of process where the stated purpose for judicial proceedings, i.e., detention of the plaintiff for purposes of assessing her mental condition, was not the true purpose of the proceedings. *Id.* at 300. Instead, the purpose of the proceedings was to have her detained until the plaintiff's father could be contacted to determine if he had give permission for the plaintiff to leave school. *Id.* In this case, there is no allegation Wells Fargo or WFASC improperly pursued an action against the Rinaldis. Hence, no abuse of process claim is stated with respect to these defendants.

Furthermore, the Rinaldis do not allege in their complaint what the Defendants' purpose in litigating or defending against claims related to the Rinaldis. Unlike the situation in *Maniaci,* where there was an alleged ulterior purpose, the Rinaldis do not allege any ulterior purpose. Hence, the Abuse of Process claim fails as a matter of law.

## VII. THE CLAIM FOR BREACH OF CONTRACT AGAINST WELLS FARGO IS TIME BARRED.

The Rinaldis executed the note and mortgage on June 10, 2005. It is not entirely clear what provision of the note or mortgage the Rinaldis assert Wells Fargo breached. It is clear, however, that the allegations relative to Wells Fargo stem from the time of the origination or the assignment to HSBC in September 2005, and not some subsequent breach. Hence, the statute of limitations began to run either on June 10, 2005 (the date the Rinaldis executed the note and mortgage) or September 14, 2005, the date of the assignment. (Adv. Compl. Exhs. A, B, D). Hence, the statute of limitations expired by September 14, 2011. Wis. Stat. § 893.43.

The Rinaldis filed this Adversary Complaint alleging a breach of contract in June 2012, long after the statute of limitations expired. Hence, the claim is barred as a matter of law.

## VIII.   THE TORTIOUS INTERFERENCE CLAIMS ARE PRECLUDED.

A tortious interference claim is an intentional tort. As such, it is subject to a two year statute of limitations. *Stapel v. Stapel*, 2010 WI App 120, ¶ 34.  Again, it is difficult to discern the basis for the Rinaldis' tortious interference claims. It appears they base their claim on the representation HSBC has standing to foreclose. Hence, the claim accrued upon filing of the Foreclosure Action in February 2009. They failed to file their claim before the statute of limitations expired in February 2011. Hence, the tortious interference claim is time barred.

Furthermore, the claim for tortious interference is based on the improperly pled allegations of fraud, and, therefore, it fails as a matter of law.  *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507-508 (7th Cir. 2007).

In addition, to succeed on a tortious interference claim, the plaintiff must satisfy five elements: (1) an actual or prospective contract existed between the plaintiff and another; (2) the defendant interfered with the contract or prospective contract; (3) the interference was intentional; (4) the interference caused the plaintiff to sustain damages; and (5) the defendant was not justified to interfere. *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 681 (7th Cir. 1999). The Rinaldis do not allege interference with any actual prospective contract. The theoretical interference they allege is not sufficient to sustain a cause of action for tortious interference. *Id.* at 684. Hence, the plaintiffs cannot satisfy even the first element of a tortious interference claim, and the claim, therefore, must be dismissed.

## IX.   THE COMPLAINT FOR DECLARATORY JUDGMENT FAILS AS A MATTER OF LAW.

### A.   The Claim For Declaratory Judgment Is Premised On Allegations Of Fraud, And, Therefore, Must Meet Heightened Pleading Requirements.

The heightened pleading requirement for averments of fraud is not limited to fraud claims. *Borsellino*, 477 F.3d at 507. Even where a claim is not by definition a fraud claim:

> Rule 9(b) applies to "averments of fraud" not claims of fraud, so whether the rule applies will depend on the plaintiff's factual allegations. . . . A claim that "sounds in fraud" … one that is premised upon a course of fraudulent conduct - can implicate Rule 9(b)'s heightened pleading requirement.

*Id.* In *Borsellino*, the court found claims for tortious interference with economic advantage, interference with fiduciary relationship and civil conspiracy, which are not by definition fraudulent torts, nevertheless were subject to the heightened pleading requirement because each of these claims was premised on allegations of "a pattern of fraud and racketeering activity." *Id.*

Likewise, the claim for declaratory judgment is premised on averments of fraud. The Adversary Complaint does not satisfy the heightened pleading requirement required for averments of fraud, and, therefore, must be dismissed.

**B.      The Claim For Declaratory Judgment Fails To State A Claim Upon Which Relief May Be Granted.**

The Rinaldis' claim for declaratory judgment centers on its assertion HSBC does not have standing to enforce the security interest in this case due to an alleged forged endorsement on the note and allegedly fraudulent assignments.  *In re Edwards*, 2011 WL 6754073 (E.D. Wis. 2011) is instructive and undermines the Rinaldis' position.  The note, a negotiable instrument, need not be dated and is presumed authentic and authorized.  *Id.* at *5-7; Wis. Stat. §§ 403.308, 403.204(1).  Like the debtor in *In re Edwards*, the Rinaldis do not contest their signatures on the note. *Id*. The court in *In re Edwards* held, "the remaining signatures are presumed to be authentic and made by a person with authority to sign" and ultimately found the allegations to the contrary insufficient to sustain the complaint for declaratory judgment. *Id.*

14

The issue regarding the recording of the assignment is immaterial to the issue of standing. The redundant, consistent assignments from Wells Fargo to HSBC demonstrate Wells Fargo's intent. Furthermore, the mortgage was equitably assigned to HSBC, the holder of the note. Pursuant to the doctrine of equitable assignment, the note and mortgage are inseparable, and the mortgage follows the note. *Id.* at *7. "[T]he Mortgage is equitably assigned when the Note is endorsed and negotiated to its current holder." *Id.* The court in *In re Edwards* ultimately dismissed the complaint for declaratory judgment despite the debtor's argument the note was not properly assigned. As holder of the note, the mortgage was equitably assigned to HSBC, and HSBC has standing to enforce the mortgage. Hence, this court, like the court in *In re Edwards*, should dismiss the complaint for declaratory judgment.

## **CONCLUSION**

For the reasons discussed above, Wells Fargo, WFASC, HSBC and Litchfield Cavo respectfully request that this Court dismiss the Adversary Complaint pursuant to Fed. R. Civ. P. 12(b)6) and Fed. R. Bankr. P. 7012.

Dated this 21st day of August, 2012.

| | |
|---|---|
| Litchfield Cavo LLP | LITCHFIELD CAVO LLP |
| 13400 Bishop's Lane | Attorneys for Wells Fargo Bank, N.A., Wells |
| Suite 290 | Fargo Asset Securities Corporation, HSBC |
| Brookfield, WI 53005 | Bank, USA, N.A., Litchfield Cavo LLP and |
| (262) 784-8931 | Brad A. Markvart |
| (262) 784-8812 (fax) | |
| dykeman@litchfieldcavo.com | s/Stephanie L. Dykeman |
| | Stephanie L. Dykeman |