---

In re:

ROGER PETER RINALDI and DESA LILLY        Case No. 11-35689-SVK-13
RINALDI,

        Debtors,

_____

ROGER PETER RINALDI and DESA LILLY
RINALDI,

        Plaintiffs,

                                   Adversary Proceeding No:  12-02412-SVK

vs.

HSBC BANK USA, NATIONAL
ASSOCIATION, et al.,

        Defendants.

---

## GRAY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

---

The plaintiffs have moved to amend the complaint in this matter to include a RICO claim. The Gray Defendants oppose the motion because the plaintiffs fail to demonstrate sufficient grounds to grant the motion: 1) under circumstances where it was nearly certain she would assert a RICO claim, plaintiffs' counsel nevertheless waited until after the rule deadline to do so; 2) the RICO claim is precluded because it is grounded in the same facts underlying all of the Rinaldis' claims and defenses previously raised and discounted in the state foreclosure action;  and 3) under the ***Rooker-Feldman*** Doctrine, the court lacks jurisdiction over the RICO claim.

The plaintiffs concede that the Amended Complaint was not filed timely.  Moreover, plaintiff's motion admits that, faced with the decision to timely file or to request permission from the court and/or counsel, plaintiffs' counsel "decided to bring the FRCP 15 Motion for Leave to

Amend...."  Doc. 43, p. 2.  Because no written permission was asked of or granted by the defendants, the only question for the court is whether or not "justice requires" the court to accept the amended pleading.  FRCP 15(a)(2).

In this regard, the plaintiffs advance only two arguments: 1) counsel tried, but failed, to timely file the Amended Complaint;  and 2) the RICO claim will defeat the motions to dismiss filed by the defendants.  Given the circumstances of the case, neither of these arguments establishes sufficient grounds for granting the motion.

A court's denial of a motion to amend pleadings is reviewed for abuse of discretion. *Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 803-4 (7th Cir. 2005).  While leave to amend a pleading is to be "freely given when justice so requires," (FRCP 15(a)), leave to amend need not be granted if there is an apparent reason not to do so.  *Liu v. T & H Machine, Inc.*, 191 F.3d 790, 794 (7th Cir. 1999).  Leave is properly denied for reasons including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment.  *Id*.;  *Crest Hill*, 396 F.3d at 804 (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).  Where an amended complaint fails to state a claim, it is proper to deny amendment.  *Brandt v. Grounds*, 687 F.2d 895, 899 (7th Cir. 1982).

I.     **COUNSELS' LAST-SECOND FAILED ATTEMPTS TO FILE THE AMENDMENT DO NOT CONSTITUTE CAUSE WHERE COUNSEL ALREADY KNEW OR SHOULD HAVE KNOWN THAT SHE WOULD ASSERT A RICO CLAIM.**

A motion to amend the complaint requires more to compel acceptance than the fact that the pleading sought to be added merely states a claim.  *See, e.g., Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).   This is especially true when the party seeking to add the claim had notice for more than a year that the claim would be pled.  *Id*.  At the very least,

2

16612986v1 0936857

the court is entitled to demand reasons for thinking that the denial of the motion would work a serious injustice. The court not only may but should consider the likelihood that the new claim is being added in a desperate effort to protract the litigation and complicate the defense; its probable merit; whether the claim could have been added earlier; and the burden on the defendant of having to meet it.

*Id*.

Based on the history of the plaintiffs and counsel, plaintiffs' counsel knew or should have known that she would include a RICO claim in this case, an important inquiry in determining whether to grant the motion to amend. *See, e.g., **Hukic v. Aurora Loan Services***, 588 F.3d 420, 432 (7th Cir. 2009)(denying motion to amend where grounds for amendment were publicly available approximately 1.5 years before the filing of the initial pleading). The Rinaldis, in the state court foreclosure action, asserted a RICO claim against HSBC, alleging the same facts included in the Amended Complaint. *See*, State Foreclosure Answer, Doc. 39-2, ¶¶76-85 (asserting a RICO claim)(attached as Ex. 1). The document asserting the RICO claim was filed with the court on February 13, 2009, almost three and a half years ago.

Likewise, plaintiffs' counsel has employed the RICO claim in previous cases against the Gray Defendants. For instance, in ***Wendy Alison Nora v. Residential Funding Co.***, LLC, Case No. 10-CV-748 (W.D.Wis.), plaintiffs' counsel asserted RICO claims against Gray & Associates, LLP, Attorney Jay Pitner, and Attorney William Foshag. *See*, Complaint and Amended Complaint, attached hereto as Exs. 2 and 3, respectively. Attorney Nora's Complaint and Amended Complaint were filed, respectively, on November 30, 2010 (about 20 months ago), and March 1, 2011 (about 17 months ago).

The Gray Defendants' motion to dismiss was filed on August 1, 2012, and on August 7, 2012, the parties and the court discussed further briefing of the motion and a similar motion to be brought by the Litchfield defendants. At no time during the discussion did plaintiffs alert the

3

court or counsel that an Amended Complaint was forthcoming, so that it could have been included in the scheduling, and the briefing, of the motions to dismiss.

To wait until the last minute (and after the filing of principal briefs on the motions to dismiss) to file identical claims in this case reinforces that the plaintiffs' claims are intended not to advance the litigation, but rather to delay the action, harass the lawyers, and gain a tactical advantage in the lawsuit. This late filing is just one more delaying tactic beginning with multiple unsuccessful motions seeking relief from the state foreclosure judgment, through the filing of bankruptcy on the eve of having the identical state court claims dismissed, and the assertion of those same claims in the bankruptcy to manufacture a basis to seek disqualification of the opposing parties' counsel.

Finally, the plaintiffs point to no authority holding that an attorney's alleged struggles with the electronic filing system constitute "justice" for purposes of permitting a late filing of an amended complaint.

## II. AMENDING THE COMPLAINT WOULD BE FUTILE BECAUSE THE RICO CLAIMS ARE CLAIM PRECLUDED.

The court need not allow a futile amendment to a complaint. *See, e.g.,* ***Duda v. Board of Education of Franklin Park Public School District No. 84***, 133 F.3d 1054, 1057 n.4 (7th Cir. 1998); ***Moore v. Indiana***, 999 F.2d 1125, 1128 (7th Cir.1993)("the court should not allow the plaintiff to amend his complaint when to do so would be futile").

The law regarding claim preclusion is more fully set forth in the Gray Defendants' Supplemental Brief in Support of Motion to Dismiss (Doc.39) and will not be repeated here. The plaintiffs' RICO claim arises from the same set of facts and the same circumstances, as plaintiffs' previous claim for abuse of process, and all other claims against the Gray Defendants. The plaintiffs admit as much: "the RICO claim [] required the pleading of the alternative state

4

16612986v1 0936857

tort claim of abuse of legal process (which are founded on the same facts)…." Plaintiffs' Motion

to Amend, Doc. 43, 8. Because the RICO claim, like the state abuse of process claim before it,

arises from exactly the same facts underlying all the Rinaldis' claims in this and the previous two

state court actions, claim preclusion prohibits the RICO claim.

Importantly, the RICO claim was pled as part of the Rinaldis' counterclaims in the state

foreclosure action. *See*, State Foreclosure Answer, Doc. 39-2, 76-85 (asserting a RICO claim).

As with the other claims made in the state foreclosure action, the state court already determined

that the Rinaldis' RICO claim lacked merit when it granted the judgment of foreclosure.

As an aside, the plaintiffs apparently argue that because RICO is a federal claim,

Wisconsin law does not apply to determine claim preclusion. *See, e.g.,* Plaintiffs' Motion to

Amend, Doc. 43, ¶9. For this proposition, the plaintiffs mistakenly cite ***Henry v. Farmer City***

***State Bank,*** 808 F.2d 1228 (7th Cir. 1986).

***Farmer City*** restates the same rule of claim preclusion already explained in the Gray

Defendants' Supplemental Brief in Support of Motion to Dismiss:

> In determining the preclusive effect of a prior state court judgment, a federal court
> must give the same full faith and credit to the judgment that it would receive in
> the courts of the state in which it was rendered.

***Farmer City***, 808 F.2d at 1232. Accordingly, under the authority cited by the plaintiffs,

Wisconsin law determines whether the plaintiffs' claims are precluded. However, as explained

in ***Farmer City***, the federal claim preclusion law substantially mirrors Wisconsin law, meaning

that regardless of which law applies, the outcome is the same – the Rinaldis' RICO claim is

precluded. *See*, ***Id.***, at 1232-33.

The only difference between ***Farmer City*** and the Rinaldis' case is that the ***Farmer City***

plaintiffs failed to raise the RICO and fraud claims in the underlying state foreclosure action.

Regardless, because the RICO and fraud claims were compulsory in that successful prosecution

16612986v1 0936857

would negatively impact the state court judgment, the federal court granted dismissal on claim preclusion grounds. *Id.,* at 1235-37 ("To allow the Henrys now to raise their fraud claims to challenge the validity of the second mortgage and thereby establish a RICO violation would clearly undermine the judgments of foreclosure entered against the Henrys by the Illinois circuit court and affirmed on appeal. … An examination of the amended complaint reveals that the Henrys are seeking to relitigate a claim, namely the validity of the second mortgage, which has already been definitively resolved. The Henrys' allegations of fraud and forgery, if substantiated, would have been a complete defense to the foreclosure proceedings.").

Here, the argument for claim preclusion is even better than in *Farmer City*, because the Rinaldis asserted in state court all the claims they now assert in federal court, including the RICO claim. Under *Farmer City*, the RICO claim now asserted by the Rinaldis is claim precluded. Thus, to grant the motion to amend would be futile.

## III. AMENDING THE COMPLAINT WOULD BE FUTILE BECAUSE UNDER THE ROOKER-FELDMAN DOCTRINE, THE COURT LACKS JURISDICTION OVER THE RICO CLAIMS.

As set forth in the Gray Defendants' supplemental brief supporting their motion to dismiss, the *Rooker-Feldman* doctrine prohibits this court from considering the plaintiffs' claims because a Wisconsin state court has already considered and dismissed the identical claims. *See*, Doc. 39, Sec. II.E. Here, the RICO claim is similarly designed to collaterally attack the rights established state court action, and is therefore prohibited.

The Rinaldis ask this court to review and reject rulings that the state court made against them in the foreclosure suit. The *Rooker-Feldman* doctrine blocks a federal district court from entertaining those demands. *See Lance v. Dennis*, 546 U.S. 459, 463–64, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The Rinaldis cannot circumvent the *Rooker-Feldman*

6

16612986v1 0936857

doctrine by recasting a request for this federal court to review state-court rulings as a complaint about civil rights, due process, conspiracy, or RICO violations. See ***Tal v. Hogan***, 453 F.3d 1244,1255–56 (10th Cir.2006); ***Holt v. Lake Cnty. Bd. of Comm'rs***, 408 F.3d 335, 336 (7th Cir.2005); ***Taylor v. Fed. Nat'l Mortg. Ass'n***, 374 F.3d 529, 534 (7th Cir.2004); ***Garry v. Geils***, 82 F.3d 1362, 1368–70 (7th Cir.1996).

Based on their own pleading, the Rinaldis seek only a review and reversal of the rights established in Wisconsin state court. For instance, they seek: 1) a determination of the validity and enforceability of the mortgage note; 2) a determination that the mortgage assignments are void; 3) a determination that the lien was not perfected against the property; 4) a determination that HSBC does not hold the mortgage note; 5) a determination that the "homestead is free and clear of all liens"; 6) a determination that none of the financial institutions have standing to pursue foreclosure; and 7) a determination that the documents underlying the foreclosure are false, fraudulent, and unlawful. *See*, Amended Complaint, Doc. 43-1, pp. 3-4. All of these outcomes require that this federal court review and reverse the conclusions of the Wisconsin state court that granted judgment of foreclosure over the Rinaldis' identical claims and defenses. Accordingly, the ***Rooker-Feldman*** Doctrine prevents this court from acquiring jurisdiction over the Rinaldis' claims, including the RICO claim.

In ***Bounds v. Wells Fargo Bank Minnesota***, 2003 WL 21466939 (N. D. Ill. 2003), the court disposed of a purported RICO claim in terms that are especially applicable to the Rinaldis' RICO claim:

> Plaintiff's claim is inextricably intertwined with the state court judgment of foreclosure. Plaintiff alleges that Defendants violated RICO by foreclosing on his property and that, as a result, he suffered damages. Plaintiff's injury was caused by the state court's judgment of foreclosure. At the heart of his claim, Plaintiff seeks to undo a mortgage foreclosure obtained in the state court. Thus, Plaintiff's

16612986v1 0936857

claim is barred by the ***Rooker-Feldman*** doctrine, and this Court lacks subject matter jurisdiction.  Therefore, Plaintiff's complaint is dismissed with prejudice.

Id. at *2.

## CONCLUSION

For all the foregoing reasons, the plaintiffs' motion to amend should be denied. Alternatively, should the Court permit amendment, the Gray Defendants respectfully request that the Court consider the above arguments as part of their motion to dismiss, already filed and briefed with the court.  Docs. 24, 25, 39.

Dated this 28th day of August, 2012.

/s/Noah D. Fiedler
David J. Hanus
State Bar No. 1027901
Noah D. Fiedler
State Bar No. 1022277
Brett B. Larsen
State Bar No. 1064355
Attorneys for Defendants Gray & Associates, LLP, William N. Foshag, Duncan C. Delhey, Jay J. Pitner, and Brian P. Perhach
HINSHAW & CULBERTSON LLP
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
Phone No.:  414-276-6464
Fax No.:  414-276-9220
E-mail Address(es):
dhanus@hinshawlaw.com
nfiedler@hinshawlaw.com
blarsen@hinshawlaw.com

8

16612986v1 0936857