UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE

Roger Peter Rinaldi and Desa Lilly Rinaldi,            Chapter 13

    Debtors                                             Case No. 11-35689-svk

Roger Peter Rinaldi, et al.,

    Plaintiffs,                                          Adversary No.12−02412−svk

                  v.
HSBC Bank USA, N.A., et al.,

    Defendants.

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendants, HSBC Bank USA, N.A. ("HSBC"), Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo Asset Securities Corporation ("WFASC"), Litchfield Cavo LLP, and Brad A. Markvart,[1] through their counsel, submit herewith their Supplemental Brief in Support of Motion to Dismiss to address the Rinaldis' newly-filed RICO claim.

## INTRODUCTION

Plaintiffs have filed an amended complaint, in which they add a RICO claim pursuant to 18 U.S.C. § 1961, et. seq. The amendment does not substantively modify the allegations in support of the claims asserted in the initial complaint other than to add the RICO claim. At the Court's request, these Defendants demonstrate in this supplemental brief the RICO claim, like the claims addressed in the motion to dismiss previously filed by these Defendants, fails as a matter of law. (See Docket No. 41).

---

[1] Hereinafter referred to as "these Defendants where appropriate.

The allegations in the Amended Complaint do not cure the deficiencies highlighted in the Defendants' motion to dismiss, filed on August 21, 2012. (Docket No. 41). The allegations supporting the RICO claim are either identical to the allegations in the first "Abbreviated Complaint" or substantively similar. The Rinaldis add paragraphs that repeat in different verbiage the allegations in their Abbreviated Complaint, including their continued, vague ramblings about the purported fraudulent purpose of the loan, additional paragraphs that allege generally misrepresentations to the Court, and additional paragraphs that allege generally a conspiracy amongst the Defendants and foreclosure counsel to fabricate documents. While these paragraphs do not appear verbatim in the "Abbreviated Complaint," they do not cure the deficiencies present in the "Abbreviated Complaint."

These Defendants have discussed in great detail the basis for dismissal of the claims asserted in the Abbreviated Complaint. Accordingly, per the Court's request, the Defendants do not repeat those arguments here. Instead, the Defendants focus this submission on the improper RICO claim. For the reasons discussed below, the RICO claim fails as a matter of law. The Defendants respectfully request that this Court dismiss the RICO claim and the remaining claims asserted in the Amended Complaint.

## ALLEGATIONS IN THE AMENDED COMPLAINT

Like the initial complaint, the Amended Complaint is nearly impossible to navigate. Despite its length, the Amended Complaint does not include the specific allegations required to support a RICO claim. Below these Defendants attempt to identify the paragraphs the Rinaldis assert in support of their RICO claim.

- ¶ 65 - The Rinaldis allege a racketeering enterprise exists and operates to defraud unidentified homeowners, investors, courts, insurance companies, counterparties, and the United States Treasury in which Wells Fargo Bank, N.A. acted in concert with its alter-ego Wells Fargo Asset Securities Corporation and under the name of HSBC Bank USA,

N.A. to defraud homeowners into signing documents which were the basis for obtaining financing from the sale of certificates of beneficial interest in the purported REMIC trust under false pretenses to both the investors and the homeowners.

- ¶ 94 - The Rinaldis claim the alleged abuse of legal process is a component of the racketeering enterprise which consists of the financial institutions (collectively) and their lawyers (again collectively) conspiring to create forged documents, transmitting forged documents by mail and wire and filing forged documents by mail and wire for the purpose of taking the homes through judicial proceedings, state and federal. The Rinaldis do not specifically identify which Defendants created or transmitted which allegedly forged documents, when they were sent by wire or mail, or the identities of the alleged victims whose homes the defendants allegedly took through judicial proceedings.

- ¶ 95 - The Rinaldis assert the racketeering enterprise consists of the filing of forged and fabricated documents by mail and wire and in making legal arguments based on false evidence created by the racketeering financial institutions in concert with their co-conspirators, the racketeering lawyers. Again, the Rinaldis fail to specify which financial institution defendants created which allegedly forged documents. Nor do they specify which lawyer filed each allegedly forged document or when the filing occurred.

- ¶ 96 - The Rinaldis assert the following in support of their assertion of a racketeering enterprise with respect to the Rinaldi case:

    o Filing an image of the note in state court knowing the note was not endorsed;

    o Producing the image of a note allegedly fabricated by an unidentified employee of Wells Fargo

    o Producing fabricated mortgage assignments (without identifying the circumstances)

    o Statements made by Attorney Markvart in foreclosure proceedings that the Rinaldis admitted standing[2]

    o Statements by Attorney Markvart that the Rinaldis valued the claim at $1.00[3]

- ¶ 100 - The Rinaldis allege the Defendant financial institutions and the Defendant lawyers from Gray & Associates and other members of that firm not specifically implicated in the instant case have engaged in a patter and practice of fabricating documents and filing forged documents throughout the country in order to defraud homeowners, subordinate lien holders, courts, and for the purpose of seizing homes without standing to do so. Again, the Rinaldis do not identify a single alleged victim of

---

[2] Attorney Markvart's statement to this effect is accurate as the Rinaldis did not deny this allegation in their answer to the foreclosure complaint.
[3] Again, this statement by Attorney Markvart is accurate based on the information in the schedules filed by the Rinaldis.

3

the alleged conduct, nor do they specify which defendants engaged in which acts or when they occurred.

## ARGUMENT

**I. THE PLAINTIFFS DO NOT PLEAD THE REQUISITE ELEMENTS OF A RICO CLAIM WITH SUFFICIENT PARTICULARITY.**

**A. The RICO Claim Fails As A Matter Of Law Because The Rinaldis Do Not Specify Which Provision Of RICO Each Specific Defendant Is Alleged To Have Violated.**

The Plaintiffs refer only to 18 U.S.C. § 1961, et seq. in the Amended Complaint, and never identify which subpart of the RICO statute they claim is in play in this case. This alone is fatal to the Rinaldis' claim. *See In re Lewis*, 342 B.R. 384, *21 (10th Cir. 2006). "Plaintiff's failure to identify which provision of RICO each Defendant is alleged to have violated is sufficient to sustain the Defendants' motion to dismiss." *Id.*

Because the Amended Complaint is not specific in this regard, the Defendant and this Court are left to guess which subpart of the 18 U.S.C. § 1961, et seq. the Rinaldis believe applies in this case. The court concluded in *In re Lewis* that it is "imperative" the plaintiff provide the defendants with notice of which provisions of RICO each defendant allegedly violated, and stated it would not require the defendants to defend against each and every provision of RICO "in hope that Plaintiff, some day, will decide (and inform Defendants) which provision she believes each has violated." *Id.* Hence, the court granted the defendants' motions to dismiss.

The Rinaldis' Amended Complaint is fundamentally defective in its failure to specifically identify which provisions of RICO they claim each of the Defendants allegedly violated. This Court should dismiss the RICO claim on this basis.

**B. Each Elements Of A RICO Claim Must Be Pled With Particularity.**

Each element of the RICO claim must be pled with particularity. *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp.2d 978, 995 (N.D. Ill. 2010). "[I]n order to survive a

motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Cowan v. MTGLQ Investors, LP*, 2010 WL 3701779, *2 (M.D. Fla. 2010). A Plaintiff is required to allege with particularity each element of a RICO violation and each predicate act of racketeering. *In re Lewis,* 342 B.R. 384 at *10.

The complaint in *In re Lewis* is comparable to the amended complaint in this case. The following holding in *In re Lewis* equally describes the Rinaldis' complaint and, therefore, is persuasive. The court in *In re Lewis* dismissed the RICO claim for lack of specificity as follows:

> The Amended Complaint contains numerous general allegations concerning the alleged roles of most, though not all, of Defendants in this alleged enterprise, but does not provide any specific information . . . . . The Amended Complaint lacks any specifics as to time, place, and contents of false representations and, in regard to the corporate defendants, entirely fails to identify those persons who allegedly conducted the improper activities or who made the alleged fraudulent representations on behalf of the corporations. Similarly the Amended Complaint fails to give Defendants clear notice of the particulars of the predicate acts that support her claim. In fact, the Amended Complaint fails to even specify which specific provisions of RICO the Defendants have allegedly violated. [4]

*In re Lewis*, 342 B.R. 384 at *11. As discussed in more detail below, the Rinaldis' complaint generally describes allegedly improper activities, but fails to identify the specifics as required to proceed with a RICO claim.

### C. The Rinaldis Fail To Allege With Particularity An "Enterprise".

#### 1. The Rinaldis Fail To Allege The Existence Of An Enterprise.

The RICO claim fails as a matter of law because the Rinaldis fail to allege the existence of an "enterprise". *Stoss v. Singer Financial Corp.*, 2010 WL 678115, *5-6 (E.D. Pa. 2010).

> . . . [T]he RICO defendant or "person" is separate and distinct from the alleged RICO "enterprise." In other words, the RICO "enterprise" cannot simply be the

---

[4] The court in *In re Lewis* did afford the *pro se* plaintiff an opportunity to amend her complaint to comply with the specificity requirement, and eventually dismissed the RICO claim for failure to plead with specificity after the amendment. While the Rinaldis have not requested leave to file yet another amendment to their complaint to cure the specificity defect, these Defendants urge this court to deny such a motion, consistent with this Court's decision to deny leave to amend with respect to the Gray defendants.

> "person" referred to by a different name. In the context of an allegation involving a corporate entity, a plaintiff asserts a valid claim . . . when he alleges that a corporate owner or employee who is distinct from the corporation itself "conducts the corporation's affairs in a RICO-forbidden way." In such a situation, the owner or employee is the "person" and the corporation is the "enterprise". However, a claim that the corporation is the "person" and the corporation together with its employees and agents is the "enterprise" will not withstand a motion to dismiss.

*Id.* citing *Cedric Kushner Productions, Ltd. v. King*, 533 U.S. 158, 161 (2001).

The court in *In re Lewis* also addressed the enterprise element. 342 B.R. at *21. The plaintiff in *In re Lewis,* failed to identify which corporate employees or officers acted on behalf of the corporate defendants in conducting or directing the enterprise and failed to identify which individuals performed which illegal acts on behalf of the corporate defendants. The Rinaldis likewise have failed to identify specific individuals acting for the corporate Defendants as required. *Id.* at *11. The court in *In re Lewis* found this failure fatal to the plaintiff's claim against the corporate defendants, as should this Court with respect to the Rinaldis' claim. *Id.*

### 2. The Rinaldis Improperly State Collective Allegations Against the Defendants.

A RICO claim fails as a matter of law if the plaintiff collectively alleges such a claim against multiple defendants. *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp.2d 978, 994-95 (N.D. Ill. 2010). "The complaint should not lump multiple defendants together, but should "inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant." *Id*. at 994 (citations omitted).

The Amended Complaint does not allege specifically which defendants were engaged in which predicate acts or the nature of their participation. *Id.* Like the complaint in *Freedom Mortgage,* the Rinaldis state collective allegations against the Defendants and general allegations

6

of fraud. These allegations do not satisfy the pleading requirements for a RICO claim. *Id.* at 995. These Defendants respectfully request that this Court dismiss the RICO claim on this basis.

    **D**    **The Rinaldis Fail To Allege With Particularity Ongoing Racketeering Activity.**

        **1.**    **The Filing And Prosecuting A Foreclosure Action Is Not A Predicate Act Under RICO.**

In order to proceed with their RICO claim, the Rinaldis must allege at least two predicate acts with specificity. They do not assert even one predicate act with specificity in this case.

To the extent the Rinaldis assert the enforcement of the note constitutes a predicate act, their position is contrary to law. The United States District Court for the Northern District of Illinois recently dismissed a similar claim in *Carthan-Ragland v. Standard Bank & Trust*, 2012 WL 1658244 (N.D. Ill. 2012) (decided May 11, 2012). In that case, the plaintiffs asserted claims for violations of RICO and common law fraud against their original lender, the bank to which their note was endorsed and mortgage assigned, and MERS. Specifically, the plaintiffs alleged the defendants in that case "filed an illegal lien in the way of an 'Assignment of Mortgage' against Plaintiffs['] property' and made false representations as to their identity." *Id.* at *1. The Defendants moved to dismiss the complaint on the basis the claims (including the RICO claim) were not pled with particularity and on the basis the filing of a foreclosure action is not a predicate event for purposes of RICO. *Id.* at *1.

The Northern District of Illinois agreed, holding as follows:

> The complaint does not identify the particular fraudulent misrepresentation that Defendants allegedly made. And filing and prosecuting a complaint is not considered mail or wire fraud or a predicate act under RICO.

*Id.* at * 2 (citing *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 401 (7th Cir. 2011) for the particularity issue and *U.S. v. Pendergraft*, 297 F.3d 1198, 1208 (11th Cir. 2002) for the RICO

issue); *see also Cowan*, 2010 WL 2701779 at *2 (finding a RICO claim cannot be predicated on the filing of a foreclosure action); *see also In re Lewis,* 342 B.R. 384, *19 (stating the court had "serious doubts whether filing a proof of claim in a bankruptcy could be viewed as conduct that could support a RICO claim . . . .").

Based on this persuasive authority, these Defendants respectfully request that this Court find the allegations arising from the pursuit of the foreclosure and the filing of the claim in this bankruptcy do not constitute predicate acts for the purposes of a RICO claim.

> **2. Even If Filing Of The Foreclosure Action Or Pursuit Of A Claim In the Bankruptcy Constituted A Sufficiently Pled Predicate Act, The Rinaldis Fail To Allege A Second Predicate Act With Particularity.**

As discussed above, the Rinaldis must plead with particularity at least two predicate acts. They fail to do so in this case. Below the Defendants discuss a series of instructive cases involving similar allegations in which the courts consistently dismissed RICO claims for failure to plead two or more predicate acts with particularity.

For example, in *Barker v. Default Resolution Network,* 2009 WL 593634 (N.D. Cal. 2009), the court dismissed a RICO claim that was based on allegations the defendants in that case "engaged in a scheme to foreclose on [the plaintiffs'] home illegally in violation of [RICO]." *Id.* at *1. Like the Rinaldis, the plaintiffs in *Barker* alleged RICO violations based on mail fraud. The court rejected their claim, holding "Plaintiffs have not properly alleged that Defendants engaged in mail or wire fraud. Plaintiffs merely state in a conclusory fashion that Defendants committed fraud by filing an inaccurate notice of default on their home." *Id.* at *3. In addition, like the Rinaldis, the plaintiffs in *Barker* alleged the defendants lacked standing to foreclose and that they were stealing from homeowners by improperly foreclosing. *Id.*

Despite these allegations, the Court held the plaintiffs did not sufficiently plead an ongoing enterprise. *Id.* at *3. The court held:

> Plaintiffs allege that Defendants' common purpose is to make "huge illegal profits from non judicial foreclosures on properties where none of the defendants own the Note, Mortgage or Deed of Trust." However, Plaintiffs have not alleged facts that, if proved, provide sufficient "evidence that the various associates function as a continuing unit;" or that Defendants are part of an "ongoing organization." Rather the second amended complaint contains vague and overbroad factual conclusions about Defendants' roles in an alleged illegal foreclosure scheme.

*Id.* at *3.

The Northern District of Illinois reached a similar conclusion in *Tucker v. Bank One, N.A.*, 265 F. Supp.2d 923 (N.D. Ill. 2003). In that case, the plaintiff alleged the defendants "conspired to defraud him of his property in violation of RICO." *Id.* at 926. This allegation, however, did not satisfy the requirement that the plaintiff specifically allege ongoing criminal activity involving at least two separate acts. *Id.* "A 'pattern' of racketeering, an essential ingredient in a RICO case, means predicate acts sufficiently separate in time that they may be viewed as separate transactions." *Id.* citing *Skycom Corp. v. Telestar Corp.*, 813 F.2d 810, 818 (7th Cir. 1987). The Rinaldis plead only conclusory allegations regarding homeowners across the country. Such allegations do not sufficiently support a RICO claim.

The Rinaldis' claim is comparable to the claim asserted in *Stoss v. Singer Financial Corp. Stoss*, 2010 WL 678115 at * 6-7. The court held that even if it found allegations of misrepresentations in communications to the borrowers, the complaint failed because these allegations do not show a pattern of racketeering activity. The Amended Complaint, like the complaint in *Stoss* alleges a "single-scheme, single-victim" transaction. The plaintiffs' conclusory statement that "the enterprise engages in the above activities as its pattern and practice which improper charges constitute a scheme and artifice to defraud through the use of

mail and wires in the advertising, communication, funding, credit inquiries, and lending with regards to its . . . loans" did not survive a motion to dismiss. *Id.* at *8. The court held:

> In sum, the Stosses attempt to do exactly that which the Supreme Court and the Third Circuit have repeatedly ruled is insufficient. They seek to proceed with a RICO count against Singer and Singer Financial for conducting an enterprise via a pattern of racketeering activity by alleging, with almost no specificity, predicate acts that occurred over a limited period of time and that threaten no future criminal conduct. They have failed to state a claim for RICO liability.

*Id.*

In *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp.2d 978 (N.D. Ill 2010), the court also found the plaintiff did not sufficiently plead the continuity element of a RICO claim. *Id.* at 996-997. In that case, like the instant case, the plaintiff alleged the defendants engaged in fraudulent activity with different victims, but did not specify "the participants, victims, time, place, and content of the alleged racketeering activity." *Id*. at 996. Hence, the allegations in the Amended Complaint are not sufficient to sustain a RICO claim as the continuity element is not specifically pled. *See also Johnson v. Wheeler*, 492 F. Supp.2d 492, 501 (D. Md. 2007) ("Whatever the [plaintiffs] believe [d]efendants may or may not have done to others in the past or what they may be disposed to do in the future is purely a matter of speculation.")

Finally, the allegations in the Rinaldis' Amended Complaint are similar to the allegations asserted in *Naulty v. Greenpoint Mortgage Funding, Inc.*, 2009 WL 2870620 (N.D. Cal. 2009). The court in *Naulty* described the plaintiffs' claim as follows:

> Plaintiffs pled quite specific details about business practices regarding securitization of mortgages, Payment Option Adjustable Rate Mortgages, Home Equity Lines of Credit, underwriting standards and other issues that have recently become topics of concern on the national level. Plaintiffs also alleged in a more conclusory fashion that several defendants engaged in these practices. The complaint does not, however, enumerate the predicate acts upon which plaintiffs' RICO claim is based. . . . While the complaint recites a litany of unsavory

practices engaged in by mortgage brokers and alleges that defendants took part in such actions, it does not identify a single false representation actually made to plaintiffs by any defendant. It is insufficient to simply allege that defendants have engaged in various illicit practices without specifying any specific acts defendants actually undertook.

*Id.* at *6. Accordingly, the court dismissed the RICO claim.

The Rinaldis' complaint is comparable to the *Naulty* complaint in that it recites a litany of unsavory practices, but when push comes to shove, they fail to specifically identify the who, what, when, where and how of any alleged misrepresentation.[5]

The Amended Complaint involves two alleged victims (the Rinaldis) and one transaction (enforcement of the note). "Congress contemplated that only a party engaging in widespread fraud would be subject to the serious consequences of the RICO statute." *Johnson v. Wheeler*, 492 F. Supp.2d 492, 500-501 (D. Md. 2007). "Predicate acts of racketeering over a finite period of time that suggest no future criminal activity do not satisfy the continuity prong of RICO." *Id.* (noting there is no pattern of racketeering alleged in a case involving one set of victims and one transaction).

The Rinaldis' Amended Complaint suffers the same deficiency as the complaints discussed above. They, like the plaintiffs in the aforementioned cases, generally allege a scheme to defraud unspecified people without identifying the individuals involved, the dates or content of specific misrepresentations or other improper conduct, or the alleged specific targets of the alleged improper conduct. These Defendants challenge the Rinaldis to identify the specific factual allegations in the Amended Complaint that identify: (1) the who, what, where, when and how of any alleged misrepresentation; (2) the specific factual allegations showing these

---

[5] These Defendants expect the Rinaldis will argue the various allegedly fraudulent assignments attached to the Amended Complaint satisfy the requirements of Rule 9. However, the assignments are immaterial to the issue at hand, i.e., whether HSBC Bank USA, N.A. has standing to enforce the security instrument. *See* discussion of *In re Edwards*; Docket No. 41.

Defendants are part of an ongoing organization or that they function as a continuing unit; or (3) the particulars of two predicate acts of racketeering. After repeated, thorough analysis of the Amended Complaint, these Defendants have been unable to identify any specific allegations that satisfy the requirements of Rule 9(b). Because the Amended Complaint does not comply with the heightened pleading requirement of Rule 9(b), these Defendants respectfully request that this Court dismiss the Amended Complaint.

## II. THE RICO CLAIM IS BARRED BY THE DOCTRINE OF PRECLUSION.

The Rinaldis are precluded from asserting a RICO claim they failed to assert in the foreclosure action. The RICO claim, therefore, is barred for the same reasons the other claims asserted in the Amended complaint are barred. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235-36 (7th Cir. 1986); *see also* Docket No. 39 and 41 for further discussion of the preclusion issue.

## CONCLUSION

For the reasons discussed above and in these Defendant's Brief in Support of Motion to Dismiss (Docket No. 41), these Defendants respectfully request that this Court dismiss the RICO claim and the remaining claims asserted in the Amended Complaint as these claims lack merit.

Dated this 1st day of October, 2012.

DIRECT INQUIRIES TO:
Stephanie L. Dykeman
Litchfield Cavo LLP
13400 Bishops Lane, Suite 290
Brookfield, WI 53005
Phone: (262) 784-8931
Fax:   (262) 784-8812
dykeman@litchfieldcavo.com

s/Stephanie L. Dykeman
Stephanie L. Dykeman, WBN 1035857
Attorney for HSBC Bank USA, N.A.,
Litchfield Cavo LLP, Brad A. Markvart,
Wells Fargo Bank, N.A., Wells Fargo
Asset Securities Corporation, and
America's Servicing Company