

Not Reported in F.Supp.2d, 2010 WL 3701779 (M.D.Fla.), Comm. Fut. L. Rep. P 31,621
**(Cite as: 2010 WL 3701779 (M.D.Fla.))**

H

United States District Court, M.D. Florida,
Fort Myers Division.
Patricia Davidson COWAN, Plaintiff,
v.
MTGLQ INVESTORS, L.P. and their officers and directors, successors and/or assigns; The Law Offices of Smith, Hiatt & Diaz, P.A. and their officers and directors, successors and/or assigns; Robert A. Smith; Virginia R. Hiatt; Diana B. Matson; Wells Fargo Bank Minnesota, N.A. as Trustee under that certain Pooling and Servicing Agreement dated as of 9/1/97, for Southern Pacific Secured Assets Corp., Mortgage Loan Asset–Backed Pass–Through Certificates 1997–3 and their officers and directors, successors and/or assigns formerly known as Norwest Bank Minnesota, N.A.; The Law Offices of Codilis & Stawiarski, P.A. and their officers and directors, successors and/or assigns; Ernest J. Codilis individually; Leo C. Stawiarski individually; The Law Offices of Scott Weinstein of Weinstein, Bavly & Moon, and their officers and directors, successors and/or assigns; Morcap, Inc., ISAOA and their officers and directors, successors and/or assigns; Advanta Mortgage Corp., USA and their officers and directors, successors and/or assigns; Fidelity & Deposit Insurance Company and their officers and directors, successors and/or assigns; Chase Manhattan Mortgage Corporation and their officers and directors, successors and/or assigns; Empire Indemnity Insurance Company and their officers and directors, successors and/or assigns; ZC Sterling Insurance Agency, Inc. and their officers and directors, successors and/or assigns; Michael C. Seminario Producing Agent; GMAC Mortgage Corporation and their officers and directors, successors and/or assigns; First Mortgage Loan Servicing and their officers and directors, successors and/or assigns; Balboa Insurance Company and their officers and directors, successors and/or assigns; Underwriters at Lloyd's, London through coverholder, WNC Insurance Services, Inc., and their officers and directors, successors and/or assigns; Ocwen Loan Servicing, LLC and their officers and directors, successors and/or assigns (collectively referred to as Ocwen); Scott Weinstein attorney with Weinstein, Bavly & Moon Professional Association; Echevarria & Associates, P.A. and their officers and directors, successors and/or assigns; Stephen D. Hurm Attorney at Law; Mark A. Broderick Attorney at Law; Erin Collins Cullaro Attorney at Law; Sean–Kelly Xenakis Attorney at Law; Elizabeth T. Frau Attorney at Law; Scott D. Stamatakis Attorney at Law; American Security Insurance Company and their officers and directors, successors and/or assigns; Home Servicing, LLC and their officers and directors, successors and/or assigns; Elizabeth R. Wellborn, P.A., Defendants.

No. 2:09–cv–472–FtM–29SPC.
Sept. 14, 2010.

West KeySummary**Racketeer Influenced and Corrupt Organizations 319H ⚷69**

319H Racketeer Influenced and Corrupt Organizations
    319HI Federal Regulation
        319HI(B) Civil Remedies and Proceedings
            319Hk68 Pleading
                319Hk69 k. In General. Most Cited Cases

Homeowner, proceeding pro se, could not maintain Racketeer Influenced and Corrupt Organizations (RICO) action against various banks, mortgage companies, and law offices based on the filing of a second foreclosure on her home. It was nearly impossible to decipher which of the 26 counts in the complaint, contained in 127 pages, applied to which defendants and their actions. Fed.Rules Civ.Proc.Rules 8, 10, 28 U.S.C.A.; 18 U.S.C.A. § 1962(c).

Patricia Davidson Cowan, North Fort Myers, FL, pro se.

Not Reported in F.Supp.2d, 2010 WL 3701779 (M.D.Fla.), Comm. Fut. L. Rep. P 31,621
**(Cite as: 2010 WL 3701779 (M.D.Fla.))**

Elizabeth Redchuk Wellborn, Elizabeth R. Wellborn PA, Deerfield Beach, FL, Roy A. Diaz, Smith, Hiatt & Diaz, P.A., Ft. Lauderdale, FL, Courtney M. Witte, I. William Spivey, II, Greenberg Traurig, LLP, Suzanne Barto Hill, Rumberger, Kirk & Caldwell, PA, Orlando, FL, Ann Todd Taylor, David Brian O'Dell, Bradley, Arant, Boult & Cummings, LLP, Birmingham, AL, Christian Watson Hancock, Bradley, Arant, Boult & Cummings, LLP, Charlotte, NC, Michelle Garcia Gilbert, Gilbert McGrotty Group, Tampa, FL, for Defendants.

### OPINION AND ORDER

JOHN E. STEELE, District Judge.

**\*1** This matter comes before the Court on various motions to Dismiss (Docs. 10, 49, 52, 54, 56, 57, 74, 75, 82); a Motion to Quash Service Or In The Alternative Motion to Dismiss of Fidelity and Deposit Company of Maryland (Doc. # 87); as well as the Court's review of the Verified Complaint For Injunctive Relief, Monetary Damages, And Demand For Jury Trial (Complaint) (Doc. # 1) filed on July 22, 2009.

### I.

The Court will first address Fidelity and Deposit Company of Maryland's (F & D) Motion to Quash Service of Process. (Doc. # 87.) F & D asserts that in the Complaint, plaintiff Patricia Davidson Cowan (plaintiff or Cowan) names Fidelity & Deposit Insurance Company. According to its motion, F & D is not the same entity as Fidelity & Deposit Insurance Company. Plaintiff attempted to serve the Complaint on F & D but served the Complaint on a person who is not authorized to accept service of process. (*Id.* at ¶¶ 1–4.) Since service of process has not been completed, and the deadline for service has passed, F & D argues that the attempted service should be quashed or, in the alternative, the cause of action against F & D, if any, should be dismissed. In her Response, plaintiff states that she has never served the unauthorized person and that she has a new address for F & D. (Doc. # 89.) Plaintiff does not contend that F & D had been properly served, nor has she shown good cause for the failure to serve F & D. Thus, the Court will dismiss without prejudice any claim against F & D. *See* Fed.R.Civ.P. 4.

### II.

The Court now turns to the specific allegations of the Complaint. The Complaint consists of 127 pages, 379 paragraphs, and 26 counts. The Court has spent an inordinate amount of time attempting to understand the Complaint. According to what the Court can decipher, in 2000, Defendant Wells Fargo Bank Minnesota (Wells Fargo) filed a foreclosure action against plaintiff in the Circuit Court of the Twentieth Judicial Circuit of Florida. The 2000 foreclosure action was dismissed with prejudice and the plaintiff's mortgage was reinstated as of the date the foreclosure action was filed. (Doc. # 1–2.) Plaintiff's mortgage was then assigned several times to different entities, some of whom are also defendants, and eventually was assigned to Defendant MTGLQ Investors, LP (MTGLQ). Then, on or about October 27, 2005, Defendant MTGLQ filed a second foreclosure complaint, which was dismissed without prejudice on or about April 23, 2007. Apparently based upon the filing of the second foreclosure action, plaintiff alleges several causes of action, including civil Racketeer Influenced and Corrupt Organizations (RICO) claims, asserting that all of the defendants were in an "enterprise" constituting a conspiracy that engaged in extortionate credit transactions and maliciously prosecuted plaintiff as well as violated plaintiff's Fifth Amendment rights. Plaintiff also alleges some wrongdoing by way of forcing her to buy flood and hazard insurance.

**\*2** Considering that it is nearly impossible to decipher which of the 26 counts apply to which defendants and their actions, the Court finds that the Complaint fails to meet the pleading requirements of Fed.R.Civ.P. 8 and 10. As plaintiff is proceeding *pro se,* the Court will take this opportunity to explain some of the responsibilities and obligations that she bears as a *pro se* party. The Court finds that plaintiff should be afforded an opportunity to

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

Not Reported in F.Supp.2d, 2010 WL 3701779 (M.D.Fla.), Comm. Fut. L. Rep. P 31,621
**(Cite as: 2010 WL 3701779 (M.D.Fla.))**

amend the complaint to properly allege her claims, and in doing so plaintiff should adhere to the following instructions and bear in mind the following rules of law.

In filing a First Amended Verified Complaint, plaintiff must conform to the pleading requirements of Fed.R.Civ.P. 8 and 10 by providing a *short,* plain statement regarding the relief sought in distinct, numbered paragraphs. The document should be entitled "First Amended Verified Complaint."

Plaintiff is attempting to bring claims pursuant to RICO. RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c). The pleading requirements of a civil RICO action have been discussed at some length in *Williams v. Mohawk Indus.,* 465 F.3d 1277, 1282–1291 (11th Cir.2006), *cert. denied,* 549 U.S. 1260 2007, 127 S.Ct. 1381, 167 L.Ed.2d 174). In addition to an impact on interstate or foreign commerce, a civil RICO claim is required to set forth the four requirements of 18 U.S.C. § 1962(c)[FN1], and the two requirements of 18 U.S.C. § 1964(c).[FN2] *Id.* Additionally, the statute of limitations for a RICO claim is "four years from the date the plaintiff knew it was injured." *Pac. Harbor Capital, Inc. v. Barnett Bank, N.A.,* 252 F.3d 1246, 1251 (11th Cir.2001) (citing *Rotella v. Wood,* 528 U.S. 549, 552–53, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000)). If plaintiff amends her complaint to include RICO claims, she should only reallege claims that comply with the RICO statute of limitations.

> FN1. (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.

> FN2. (1) the requisite injury in plaintiff's business or property, and (2) that such injury was "by reason of" the substantive RICO violation.

The First Amended Verified Complaint must allege the "conduct of an enterprise" and that the enterprise had a common goal, and that defendants participated in the operation or management of the enterprise itself. *Williams,* 465 F.3d at 1283–84. The "pattern of racketeering activity" element requires that a civil RICO plaintiff establish "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Congress has defined "racketeering activity" to mean the violation of any of the criminal statutes listed in 18 U.S.C. § 1961(1). Section 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating the charged predicate statutes. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 486–88, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); 18 U.S.C. § 1961 (defining racketeering activity to include conduct that is "chargeable" or "indictable" and "offenses" that are "punishable" under various criminal statutes). Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts. *See Central Distribs. of Beer, Inc. v. Conn,* 5 F.3d 181, 183–84 (6th Cir.1993), *cert. denied,* 512 U.S. 1207, 114 S.Ct. 2678, 129 L.Ed.2d 812 (1994). A "pattern" of racketeering activity is shown when defendant commits at least two distinct but related predicate acts. *Williams,* 465 F.3d at 1283.

**\*3** The conduct that plaintiff alleges as the predicate acts for her civil RICO claims appear to primarily relate to the filing of the second foreclosure action. Plaintiff alleges that the filing of the second foreclosure action constituted an extortionate credit transaction, a malicious prosecution, and violated her rights under "collateral estoppel" as embodied by "Double Jeopardy" pursuant to the Fifth Amendment of the Constitution and Florida Statute § 910.11. (Doc. # 1, ¶ 75.) However, as the Complaint is pled, plaintiff cannot state a RICO claim predicated on any of these causes of action.

**Extortionate Credit Transaction Claims**

Page 4

Not Reported in F.Supp.2d, 2010 WL 3701779 (M.D.Fla.), Comm. Fut. L. Rep. P 31,621
**(Cite as: 2010 WL 3701779 (M.D.Fla.))**

Plaintiff is alleging either that the multiple assignments of her mortgage or the filing of the second foreclosure complaint is somehow an "extortionate credit transaction". (*See e.g., id.* at ¶ 63.) "An extortionate extension of credit is any extension of credit with respect to which it is the understanding of the creditor and the debtor at the time it is made that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of any person." 18 U.S.C. § 891(6). This statute concerns individuals engaged in "loan sharking" activities. *Perez v. United States,* 402 U.S. 146, 149, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). Other than using the term "extortionate credit transaction", the Complaint does not allege that any of the defendants threatened violence or use of any other criminal means if plaintiff failed to pay her mortgage. Thus, plaintiff has not sufficiently pled an extortionate credit transaction claim.

**Double Jeopardy Claims**

Plaintiff asserts that the filing of a civil foreclosure complaint violates her right to be free from "collateral estoppel" and "double jeopardy" in violation of both Florida law and the Fifth Amendment. However, pursuant to both Florida law and the United States Constitution, double jeopardy only applies to essentially criminal actions. *See* Fla. Stat. § 910.11; *see also, De La Teja v. United States,* 321 F.3d 1357, 1364 (11th Cir.2003) (citing *Breed v. Jones,* 421 U.S. 519, 528–30, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975)). A foreclosure action is not an "essentially criminal" proceeding, thus, the double jeopardy clause does not apply.

**Malicious Prosecution Claims**

Plaintiff appears to assert that the second foreclosure action constitutes malicious prosecution and should be precluded by the dismissal of the first action. However, malicious prosecution is not one of the many offenses which can support a civil RICO claim. *See* 18 U.S.C. § 1961(1) (listing applicable offenses).

However, plaintiff may be able to allege a state cause of action for malicious prosecution. Pursuant to Florida law, "[t]o state a cause of action for malicious prosecution, a plaintiff must allege the following elements: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." *Cohen v. Corwin,* 980 So.2d 1153, 1155 (Fla. 4th DCA 2008). To support a claim for malicious prosecution each element must be present. *Durkin v. Davis,* 814 So.2d 1246, 1248 (Fla. 2d DCA 2002).

**\*4** The Court notes that the fact that a prior mortgage foreclosure action was dismissed with prejudice does not preclude a subsequent foreclosure action for later defaults. Thus, the mere act of filing a second foreclose action cannot be the basis of a malicious prosecution claim. In her First Amended Verified Complaint plaintiff must sufficiently plead each element of a malicious prosecution claim.

**Fair Debt Collection Practices Act Claims**

Plaintiff also alleges claims pursuant to the Fair Debt Collection Practices Act (FDCPA) and Florida's Consumer Collections Practices Act (FCCPA) based on the two foreclosure actions. However, foreclosing on a home is not debt collection pursuant to the FDCPA and thus, one cannot state a claim under the FDCPA or FCCPA based on a foreclosure action. *Warren v. Countrywide Home Loans, Inc.,* 342 Fed. Appx. 458, 460–61 (11th Cir.2009); *see also Trent v. Mortgage Elec. Registration Sys., Inc.,* 618 F.Supp.2d 1356, 1360–61 (holding that the rationale espoused under FDCPA

Page 5

Not Reported in F.Supp.2d, 2010 WL 3701779 (M.D.Fla.), Comm. Fut. L. Rep. P 31,621
**(Cite as: 2010 WL 3701779 (M.D.Fla.))**

precedent should apply with equal force to FCCPA cases).

Accordingly, it is now

**ORDERED:**

1. Fidelity and Deposit Company of Maryland's Motion to Quash Service Or In The Alternative Motion to Dismiss (Doc. # 87) is **GRANTED.**

2. Defendants' Motions to Dismiss (Docs.10, 49, 52, 54, 56, 57, 74, 75, 82) are **GRANTED.**

2. All remaining pending motions are **DENIED as moot.**

3. The Verified Complaint For Injunctive Relief, Monetary Damages, And Demand for Jury Trial (Doc. # 1) is **dismissed** without prejudice and with leave to amend. Plaintiff may file a "First Amended Verified Complaint" within **TWENTY–ONE (21) DAYS** in compliance with this Opinion and Order.

**DONE AND ORDERED.**

M.D.Fla.,2010.
Cowan v. MTGLQ Investors, L.P.
Not Reported in F.Supp.2d, 2010 WL 3701779 (M.D.Fla.), Comm. Fut. L. Rep. P 31,621

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.