UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
_____

In re:                                                          Case No. 11-3689-SVK-13
ROGER PETER RINALDI and
DESA LILLY RINALDI,
Debtors.

_____

ROGER PETER RINALDI and                          Adversary Proceeding No. 12-02412
DESA LILY RINALDI,
Plaintiffs,

v.

HSBC BANK USA, NATIONAL ASSOCIATION,
as Trustee for Wells Fargo Home Equity Trust 2005-2
Attention: Irene Dorner, President and CEO
1800 Tysons Blvd.
McLean, Virginia 22101, et al.
        Defendants
_____

RESPONSE TO MOTION TO STRIKE NOTICE OF APPEAL
_____

      NOW COME the Plaintiffs, by their attorney Wendy Alison Nora of ACCESS LEGAL SERVICES, and responds to the Motion to Strike Notice of Appeal filed by the Gray Defendants and show the Court:

      1. The Order Denying Reconsideration of the Order denying the Plaintiff's Motion for Leave to Amend the Complaint as to the Gray Defendants is a final order which disposes of the Plaintiff's rights to litigate the racketeering claim against the Gray Defendants in the adversary proceeding.

      2. This is not a case in which the Motion for Leave to Amend will be revised to allow the Plaintiffs to proceed on their racketeering claim in the adversary proceeding.

      3. FRCP 54(a) and (b) provide:

Rule 54. Judgment; Costs

1

(a) Definition; Form. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings.  (Emphasis added.)

(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.  (Emphasis added.)

4. The Order Denying the Plaintiffs' Second Motion for Reconsideration on October 2, 2012 expressly found that there was no reason to delay the denial of the Motion for Leave to Amend and held, as a final disposition, that the racketeering claim may not be litigated against the Gray Defendants in these proceedings.

5. Despite the Plaintiffs' efforts to urge the Court to consider the significance of the Plaintiffs' racketeering claim as needing to be considered by the Court, the Court has specifically held: "The Court already found that the Debtors had no meritorious claim regarding their Motion to Amend as to the Gray Defendants. Nothing presented in the Second Motion for Reconsideration alters the Court's decision." (Emphasis added.)

6. The finding that the Debtors have "no meritorious claim" to sue the Gray Defendants for violations of the prohibitions against racketeering as defined at 18 USC sec. 1961, et. seq. is a final decision on the merits of the Plaintiffs' claim which, if not reviewed on appeal, would certainty be used by the Gray Defendants and the so-called Bank Defendants as an argument for claim preclusion.

7. The merits of the racketeering claim against the Bank Defendants are still pending before the Court in such a manner as to bifurcate the proceedings requiring Plaintiffs to proceed on different claims as to two sets of Defendants in the same action.

8. The Bank Defendants have already attempted to intimidate Plaintiffs and their counsel by asserting that Plaintiffs' counsel was previously subject to a putative award of attorneys' fees in a nonfinal proceeding (dismissed without prejudice) on racketeering claims against another set of lawyers in a case involving forged mortgage loan documents of which those lawyers have personal knowledge in a state trial court case,  and, while the judge who erroneously commented that attorneys' fees could be charged to Plaintiffs' counsel subsequently recused himself for bias and Plaintiffs' counsel's appeal rights have not yet matured in that case, it is clear that the racketeering Defendant banks and law firms will attempt to use the "finding" that the "Debtors

2

had no meritorious claim regarding their Motion to Amend as to the Gray Defendants" as a final disposition on the merits of the claim.

9. The October 2, 2012 Order contains final, dispositive language and must be appealed to prevent these Defendants and other racketeers engaging in similar conduct (using forged documents to create the appearance of standing in state and federal courts) from claiming that parties injured by the racketeering activities of foreclosure claimants' lawyers has been already adjudicated in this federal bankruptcy court.

10. While Plaintiffs' counsel realizes that the Court may only have been referring to its earlier finding concerning the CM/ECF filing difficulty which led to the Motion for Leave to n Amend being filed 7 hours and 29 minutes after the time allowed for amending pleadings without leave of court, the merits of the racketeering claim against the Gray Defendants appear to have been finally adjudicated under the phrase "no meritorious claim."

11. Because the bankruptcy court only has jurisdiction so long as a bankruptcy case is pending before it, the finality of the phrase "no meritorious claim" requires immediate review.

12. Furthermore, there was no need for the bankruptcy court to use language which appears to finally adjudicate the racketeering claim based on the record because it would have sufficed, and maintained the ruling as a nonfinal ruling, if the Court had simply found that the racketeering claim could not be brought in the adversary proceeding for the reasons earlier stated in the Court's minutes: "to keep the case on track" in the bankruptcy proceedings.

13. Additionally, the bankruptcy court clearly found that there was no just reason for delaying the entry of the final disposition that there is "no meritorious claim" against the Gray Defendants for racketeering merely because it was filed 7 hours and 29 minutes after the amendment would have been required to have been accepted under FRCP 15(a)(1)(B) and, in fact, ultimately made that finding for the first time on October 2, 2012.

14. If a lower court does not want to allow for an order to be appealed as a final order, it ought not use final, dispositive language which would require an appeal to prevent its interpretation as a final order.

15. If the bankruptcy court does not allow the appeal because the order is interlocutory in nature, then the finding that the Plaintiffs have "no meritorious claim" against the Gray Defendants for racketeering cannot be held to constitute claim preclusion in any other forum or by further proceedings in this forum.

16. Plaintiffs will either have their right to appeal or the finding that they have "no meritorious claim regarding their Motion to Amend as to the Gray Defendants" will not have the claim preclusive effect of a final adjudication.

WHEREFORE, the Plaintiffs await the decision on the Gray Defendants' Motion to

3

Strike their Notice of Appeal to clarify whether or not the October 2, 2012 order has the effect of claim preclusion.

Dated at Minneapolis, Minnesota this 18th day of October, 2012.

/s/ Wendy Alison Nora
_____
Wendy Alison Nora
ACCESS LEGAL SERVICES
210 Second Street NE
Minneapolis, Minnesota 55413
VOICE (612) 333-4144
FAX (612) 886-2444
accesslegalservices.bky@gmail.com
Wisconsin Attorney ID #1017043

UNSWORN DECLARATION OF SERVICE

    Wendy Alison Nora declares, under penalty of perjury, that on October 18, 2012, she filed the foregoing Response to the Gray Defendants' Motion to Strike the Plaintiffs' Notice of Appeal by CM/ECF and thereby affected service upon all counsel for the parties in these proceedings.

/s/ Wendy Alison Nora
_____
Wendy Alison Nora

4