UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

In re:

ROGER PETER RINALDI and DESA LILLY RINALDI,

        Debtors,

_____

ROGER PETER RINALDI and DESA LILLY RINALDI,

        Plaintiffs,

vs.

HSBC BANK USA, NATIONAL ASSOCIATION, et al.,

        Defendants.

Case No. 11-35689-SVK-13

Adversary Proceeding No: 12-02412-SVK

_____

**GRAY DEFENDANTS' REPLY BRIEF IN
SUPPORT OF THE MOTION TO DISMISS**
_____

      The plaintiffs assert causes of action against the Gray Defendants for: (1) common law fraud; (2) abuse of legal process; (3) violations of the Fair Debt Collection Practices Act (FDCPA); and (4) tortious interference with economic opportunity and prospective economic advantage. (*See* id., ¶¶ 109-22, 126-28.)[1] The Gray Defendants have moved to dismiss the claims, and file this reply brief in support of the motion.

---

[1] The plaintiffs couch much of their response to the motion to dismiss in terms of their attempted RICO amendment. Because this Court has already ruled that the amended RICO claim was denied as to the Gray Defendants, such argument should be rejected.

## I. THE COURT SHOULD APPLY CLAIM PRECLUSION TO DISMISS THE RINALDIS' CLAIMS.

The Rinaldis begin their response by arguing that claim preclusion cannot apply because "the forged documents were all manufactured and produced after the summary judgment was granted on January 26, 2010." Dkt. 64, ("Pl. Br."), p. 3.[2] Aside from being factually inaccurate, this statement conflicts with the allegations of the Complaint, which attached Exs. C, D, E, F, and G as "forged documents." *See, e.g.*, Dkt. 1, "Compl.", ¶55 (alleging that Exs. C, D, E, F, and G are "forged documents"). Only two of the "forged documents" are dated after the foreclosure judgment (Compl. Ex. C, Notice of Assignment of Mortgage dated 3/1/10; Compl. Ex. E, Assignment of Mortgage dated 10/31/11), while the other three are dated before the foreclosure judgment (Comp. Ex. D, Assignment of Mortgage dated 9/14/05; Compl. Ex. F, Note dated 6/10/05; and Compl. Ex. G, Note dated 6/10/05).

Importantly, the documents dated post-foreclosure judgment (Exs. C and E) accomplish nothing relevant to the foreclosure, as explained by *In re Edwards*. Those two documents do no more than give notice to the world of the assignment of the Rinaldi mortgage from Wells Fargo to HSBC, which was previously accomplished by Ex. D on September 14, 2005. Because notices of assignment are irrelevant to the foreclosure, no cause of action can arise from them, and claim preclusion applies.

Claim preclusion also applies because there is nothing new to the Rinaldi's accusations. The Rinaldis' current allegation of "forgery" is merely a reiteration of their previous claim that the foreclosure plaintiff lacked standing and the foreclosure plaintiff's lawyers, the Gray

---

[2] By arguing that only the "forgery" claim arose after the foreclosure judgment, the Rinaldis effectively admit that all other grounds for their claims against the Gray defendants existed before the foreclosure judgment and should therefore be dismissed as claim precluded, as long as there is a final judgment. Such a final judgment exists under

Defendants, were prohibited from assisting in addressing the perceived standing problem. Both arguments arise from the same facts – the recording of the two notices of assignment after the filing of the foreclosure action. The Rinaldis' claims are based on the same proof (the documents listed above). Therefore, because the "forgery" allegation is no more than a restatement of the Rinaldis' claims in the foreclosure action, the claim is properly precluded.

## II. THE FORGERY CLAIM SHOULD BE DISMISSED AS INADEQUATELY PLED.

Aside from the incorrect factual basis, the Rinaldis' argument is wrong for a number of other reasons. First, because the Rinaldis have not pled the specifics of the alleged forgery, their Complaint is insufficient and should be dismissed. *See, e.g.*, Compl., ¶52 (alleging the factually unsupported legal conclusion that "Exhibit C is a forgery as defined by Wis. Stats. sec. 943.38(1)."); ¶52 (alleging the factually unsupported legal conclusion that Exs. C, D, E, F, and G are "forged documents."). Forgery is a crime, not a civil cause of action. *See, e.g.*, Wis. Stat. §943.38 (titled "Crimes Against Property"). The Rinaldis appear to use the term "forgery" interchangeably with "fraud." *See, e.g.*, Pl. Br., p. 8 ("The common law fraud claim is properly before the Court because the fabrication of the forged documents in order to take property to which the forger is not entitled is fraud per se."(boldface omitted)).

A fraud claim requires heightened pleading. (Wis. Stat. §802.02(3); Fed. R. Civ. P. 9(b); *see* **Rendler v. Markos**, 154 Wis.2d 420, 428-29, 453 N.W.2d 202 (Ct.App.1990)(recognizing both statutory provisions are identical and should not be interpreted differently). These heightened pleading requirements apply not only to fraud claims but also to claims that "sound in fraud." **Wangard Partners, Inc. v. Graf**, 2006 WI App 115, ¶34, 294 Wis.2d 507, 719 N.W.2d 523, citing **Hayduk v. Lanna**, 775 F.2d 441, 443 (1st Cir.1985)(particularity required when

---

*A.B.C.G* and *Kowske*, as explained in the Gray Defendants' supplemental brief on the Motion to Dismiss, and

"fraud lies at the core of the action" (citation omitted)). Because the Rinaldis fail to adequately meet the heightened pleading requirements, and plead only legal conclusions rather than facts, their forgery claim must be dismissed.

Assuming that the "forgery" allegation refers to the Assignments of Mortgage, and even if not claim precluded, it is without merit for all the reasons explained in *In re Edwards*. The plaintiffs failed to address the arguments detailed in *In re Edwards* (equitable assignment, ability to correct standing, and UCC presumption of authenticity) and so concede them. *See, e.g.*, ***Kinetic Concepts, Inc. v. Convatec Inc.***, 2010 WL 1667285, at *8 (M.D.N.C. Apr.23, 2010)(recognizing the general principle that "a party who fails to address an issue has conceded the issue")(collecting cases).

### III. A FINAL STATE JUDGMENT EXISTS REQUIRING THE APPLICATION OF BOTH CLAIM PRECLUSION AND *ROOKER-FELDMAN*.

The Rinaldis' only other argument opposing claim preclusion and the application of ***Rooker-Feldman*** is that no final judgment exists because 1) the foreclosure judgment was later dismissed and 2) the appeal period for the Rinaldis' unsuccessful motion to vacate had not expired. *See, e.g.,* Pl. Br., p. 5.

In this regard, the Rinaldis fail to address ***Kowske v. Ameriquest Mortgage Co.***, 2009 WI App 45, 19, 317 Wis.2d 500, 767 N.W.2d 309, review denied, 2009 WI 99, 319 Wis.2d 212, 775 N.W.2d 101, which specifically holds that a vacated judgment of foreclosure is final for purposes of claim preclusion when the parties dismiss the judgment in reliance upon the rights established by the judgment.[3] The ***Kowske*** facts are nearly identical to this case. In ***Kowske***, after the entry

---

below.
[3] *See, e.g.,* 1 WIPRAC § 7:47 ("Where a mortgagee secures a final judgment on the merits in a prior foreclosure action against a mortgagor, the mortgagor is barred by claim preclusion and the common-law compulsory counterclaim rule from subsequently litigating fraud and other claims seeking to recover damages allegedly

of the foreclosure judgment, the foreclosure defendant paid the mortgage, and the plaintiff then vacated the judgment, which the court later determined to be final for purposes of claim preclusion. Here, after the entry of the foreclosure judgment, the Rinaldis likewise promised to pay the mortgage by way of a loan modification agreement, and the plaintiff then vacated the judgment. *Kowske* controls.

The Rinaldis surprisingly rely on an argument specifically considered and rejected by the *Kowske* court. *Compare*, Pl. Br., p. 4 ("[The Gray Defendants] are judicially estopped from changing their position to claim res judicata when they benefitted from the termination of the State Court Foreclosure prior to the decision on the motion to vacate which could then have been appealed by either party."), *with Kowske*, 2009 WI App 45 at ¶12 ("*Kowske* argues that applying claim preclusion would unjustly reward Ameriquest, a company that benefitted from vacating the judgment because *Kowske* was not able to move to reopen the default judgment of foreclosure once it was vacated and dismissed."). As it was in *Kowske*, the Rinaldis' argument should be rejected.

The Rinaldis next argue the foreclosure judgment was not final because the appeal period had not expired following the denial of the Rinaldis' second unsuccessful motion to vacate. This argument fails, as plaintiffs' counsel well knows. *See, e.g., **Nora v. Residential Funding Co., LLC, et. al***, WD Wis. Case No. 10-CV-748, Slip Opinion (Sep. 30, 2012)(attached hereto as Ex. A). A case cannot be indefinitely kept alive, avoiding finality, merely by filing serial and unsuccessful motions to vacate or for reconsideration.

In *Nora*, plaintiff Attorney Wendy Allison Nora alleged in federal court nearly identical claims arising from a state mortgage foreclosure action against a variety of defendants, including

---

occurring as a result of foreclosure judgment. This is the result even where the default foreclosure judgment has

5

16622187v1 0936857

some of the Gray Defendants. Like the Rinaldis, in the state action, Attorney Nora moved to vacate the foreclosure judgment. *Id.*, p. 5. The motion was denied and Attorney Nora appealed the denial. *Id.*, p. 8.

When the defendants moved to dismiss her later federal claims as claim precluded and prohibited under ***Rooker-Feldman***, Attorney Nora argued to the District Court that because there was a pending appeal of the denial of the motion to vacate, there was no final judgment for purposes of ***Rooker-Feldman***. *Id.*, p. 8. The Court disagreed, reasoning:

> [A]t the time of Nora's filing this federal action, the state court proceeding had ended. Specifically, the state court entered a judgment of foreclosure in favor of RFC and against Nora on March 3, 2010. Under Wisconsin law, a judgment of foreclosure and sale "dispose[d] of the entire matter in litigation," rendering it "final" and "appealable as of right under Wis. Stat. §808.03(1)." …. Accordingly, the time for appeal of the state foreclosure action had long since run by the time Nora filed this action on November 30, 2010.
>
> ….
>
> As much as Nora might hope to resuscitate the final judgment of foreclosure, her appeal of post-judgment orders denying Nora's motion to vacate judgment and confirming the sheriff's sale are limited to those specific orders. …. A state court proceeding would never come to an end if a motion to vacate judgment, followed by an appeal of an order denying that motion, could alone operate as a basis for keeping an underlying action open (or permitting it to be reopened), leaving in a state of limbo whether plaintiff in a federal action could be adjudicated the "state court loser." Such a result would undermine the policy underlying the ***Rooker-Feldman*** doctrine: that the United States Supreme Court, not lower federal courts, should review state court decisions.

*Id.*, pp. 9-10. The Rinaldis' appeal or non-appeal of their second unsuccessful motion to vacate the foreclosure judgment does not affect finality of the judgment for purposes of claim preclusion and ***Rooker-Feldman***.

Here, the timeline of the underlying foreclosure action provides even more reason to apply the ***Rooker-Feldman*** doctrine. There was no pending appeal of the motion to vacate at the

---

been vacated and action has been dismissed on the merits when mortgagor pays off the mortgage loan.").

6

16622187v1 0936857

time the Rinaldis' adversary action was filed, and the time to appeal the foreclosure judgment had long since passed:

| | |
|---|---|
| Feb. 3, 2009 | Foreclosure Summons and Complaint filed |
| Sep. 4, 2009 | Summary judgment of foreclosure orally granted |
| Nov. 13, 2009 | Motion for Reconsideration and to Dismiss filed by Rinaldis |
| Dec. 18, 2009 | Motion denied |
| Jan. 26, 2010 | Judgment of foreclosure entered |
| Feb. 2, 2010 | Notice of entry of judgment filed |
| Mar. 19, 2010 | Expiration of 45-day appeal period from notice of entry |
| Nov. 12, 2010 | Motion for Relief from Judgment filed by Rinaldis |
| Dec. 14, 2010 | Motion denied |
| Jan. 6, 2011 | Written order denying motion entered |
| Jan. 18, 2011 | Petition for Dismissal and discharge of lis pendens granted |
| Jun. 17, 2012 | Adversary Complaint filed |

State court dates obtained from CCAP for Kenosha County Case No. 09-CV-353 at http://wcca.wicourts.gov/courtRecordEvents.xsl;jsessionid=B9CCF9B9A3635D8F6C0B1DFCCD9632BA.render6?caseNo=2009CV000353&countyNo=30&cacheId=05BD1CFB77A8088878A2C9D5EF1C5BEB&recordCount=1&offset=0&linkOnlyToForm=false&sortDirection=DESC

The Rinaldis filed this action more than 28 months after the notice of entry of the foreclosure judgment, which shortens the appeal period to 45 days. Wis. Stat. §808.04(1); *see*, **Shuput v. Lauer**, 109 Wis.2d 164, 172, 325 N.W.2d 321 (1982)(holding that a judgment of foreclosure is a final order subject to appeal). Like Nora, the Rinaldis waited until long past the appeal period to seek reconsideration of the foreclosure judgment. Unlike Nora, the Rinaldis did not appeal the denial of their motion for reconsideration, choosing instead to enter into a loan

7

16622187v1 0936857

Case 12-02412-svk    Doc 68    Filed 11/01/12    Page 7 of 12

modification agreement, confirming the rights established by the foreclosure judgment. Under the reasoning and authority applied by *Nora* and *Kowske*, the judgment in the underlying foreclosure action is final for purposes of both claim preclusion and the *Rooker-Feldman* doctrine.

## IV. BADGER CAB REQUIRES DISMISSAL OF THE PLAINTIFFS' CLAIMS AGAINST THE GRAY DEFENDANTS.

The Rinaldis do not correct their failure to properly plead the elements of abuse of process. On the contrary, the Rinaldis forthrightly concede that they do not fulfill the elements of the claim. *See, e.g*, Pl. Br., p. 13 ("The Badger Cab claim was a straight abuse of process: litigation for an improper purpose. Here the claim is conspiracy to defraud the Court itself.") Accordingly, their abuse of process claim should be dismissed for failure to plead the required elements.

Instead of fixing their pleading problem, the Rinaldis attempt to distinguish *Badger Cab* by arguing that *Lane v. Sharp* overruled or limited *Badger Cab*, making its application improper in this case. The Rinaldis overlook that the *Lane v. Sharp* court recognized important factual distinctions from *Badger Cab*, and from this case, which make it inapplicable here:

> Lane's claims against Niebler stem from Niebler's alleged fraudulent or conspiratorial conduct *prior to this litigation – not from his conduct relating to the litigation itself or from his representation of the Sharp defendants during that process.*

*Lane*, 2001 WI App 250 at ¶29 (emphasis in original). Accordingly, the *Lane v Sharp* court concluded that "where the attorney's alleged actionable conduct predates the litigation or is unrelated to the prosecution of the claim or the attorney's conduct during the litigation, *Badger Cab* does not bar a simultaneous prosecution of the claim…." *Id.*, ¶32.

In contrast, the Rinaldis concede that their claims stem directly from the Gray Defendants' conduct relating to the litigation itself:

8

16622187v1 0936857
Case 12-02412-svk    Doc 68    Filed 11/01/12    Page 8 of 12

> [C]rimes [a]re being committed by the very lawyers *in the very case* in which they claimed the privilege to appear as counsel.  Pl. Br., p. 12 (emphasis added).
>
> That is what the Gray Defendant lawyers claim *this Court should do in this case*: grant them the privilege of proceeding *in this Court* ….  Id (emphasis added).
>
> Defendant lawyers *are producing forged documents for the Court's consideration* as authentic proof of their clients' purported secured claim.  Id., pp. 12-13 (emphasis added).

*Lane* does not apply because the conceded bases of the Rinaldis' claims are the actions of the Grey defendants in this case.

Finally, the Rinaldis argue that **Badger Cab** amounts to nothing more than a procedural rule, protecting only "prosaic concerns"  such as the constitutional guarantee of counsel of a party's choosing or the attorney-client privilege.  Pl. Br., pp. 13-15.  **Badger Cab** is not merely a rule of joinder, but a protection for substantive rights guaranteed by the Constitution.   **Badger Cab,** 171 Wis.2d at 760-2;  *see, e.g.*, *U.S. v. Collins*, 920 F.2d 619 (10th Cir. 1990)(defendant's right to retain counsel of his or her choice represents a right of constitutional dimension, the denial of which may rise to the level of a constitutional violation.).  The **Badger Cab** court has already weighed the concerns at issue (judicial economy v. the constitutional right to counsel), and concluded that the Gray Defendants prevail.

## V.     THE FDCPA DOES NOT APPLY.

The Rinaldis argue that because they allege their debt is unsecured, the FDCPA applies. The state court foreclosure judgment, along with the loan modification that the Rinaldis signed, eviscerate this argument.  Rather, the FDCPA is inapplicable because the state court already concluded -- and the Rinaldis agreed in their loan modification -- that the debt is secured, and because the defendants seek only to enforce secured lien rights,.  The 7th Circuit case law uniformly holds that a non-deficiency foreclosure proceeding is governed by the FDCPA.  *See, e.g.,* cases cited in Dkt. 25, Gray Def. Br. on Mot. Dismiss, pp. 8-9.  No exception is made for an

9

unsuccessful foreclosure. Nor would such an exception make sense, creating after-the-fact liability based solely on the uncertain outcome of a case. The plaintiffs' argument leads down a slippery slope: any lawyer that commenced a foreclosure case which turned out to be unsuccessful would necessarily be liable under the FDCPA.

Finally, even if the FDCPA applies, the claim is barred by the one-year statute of limitations. The Rinaldis allege that the foreclosure proceeding, commenced on February 3, 2009, was the FDCPA violation. This case, commenced on June 17, 2012, is well outside the one-year limitation.

## VI. THE RINALDIS CONCEDE THAT THE INTENTIONAL INTERFERENCE CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS.

An argument in a defendant's dispositive motion that a plaintiff fails to address in response may be deemed to be conceded. *See* **Kinetic Concepts**, 2010 WL 1667285 at *8; **Rosenblatt v. Fenty**, 734 F.Supp.2d 21, 22 (D.D.C. 2010); **Hopkins v. Women's Div., Gen. Bd. of Global Ministries**, 238 F.Supp.2d 174, 178 (D.D.C. 2002). The Rinaldis do not respond to the assertions that the intentional tort statute of limitations bars the "intentional interference" claim.

## VII. THE RINALDIS FAIL TO PROPERLY PLEAD ABUSE OF PROCESS.

In their motion to dismiss, the Gray Defendants identified the plaintiffs' failure to plead a "definite act or threat" and "irregular steps" taken under cover of process and after its issuance, as required to state a claim for abuse of process. Instead of addressing the lack of proper pleading, the plaintiffs claim that use of forged evidence is abuse of process "*per se*." However, no Wisconsin case has ever so held, and the plaintiffs provide no authority for their assertion.

## VIII. THE DOCTRINE OF LITIGATION IMMUNITY/ABSOLUTE PRIVILEGE BARS THE PLAINTIFFS' CLAIMS.

Plaintiffs fail to refute the authority demonstrating that statements made in litigation cannot serve as a basis for the Rinaldis' claims, because of the doctrine of immunity/absolute

10

privilege. In particular, the plaintiffs do not even attempt to distinguish ***Bernegger v. Wash. Mut., F.A.***, 2008 WL4722392 (E.D.Wis.); ***Brommund v. Holt***, 24 Wis.2d 336, 342, 129 N.W.2d 149 (1964)(counsel immune from liability for relevant statements made in course of judicial proceedings); or ***Snow v. Koeppl***, 159 Wis.2d 77, 80-81, 464 N.W.2d 215 (Ct. App. 1990)(immunity extends to attorneys in judicial proceedings).

## IX. THE RINALDIS FAIL TO ALLEGE RELIANCE AS AN ELEMENT OF FRAUD.

The Plaintiffs do not address their failure to plead reliance on misrepresentations made by the Gray Defendants. In fact, the Complaint and the brief opposing the motion to dismiss make clear that the Rinaldis have not believed in or relied on the representations made by the Gray Defendants. *See, e.g.,* "The fact that the Plaintiffs know that the documents are forgeries…." Pl. Br., p. 9; "Plaintiffs' problem is that they knew more about the fraud underlying the so-called 'Foreclosure Crisis' than the Wisconsin judges and lawyers in 2009 when the State Court Foreclosure was commenced." Id., p. 3. These allegations are fatal to their fraud claim. *See, e.g.*, ***State v. Abbott Labs.***, 2012 WI 62, ¶52, 341 Wis.2d 510, 816 N.W.2d 145 ("At common law, a plaintiff alleging fraud must prove: 1) a representation of material fact; 2) the representation's falsity; 3) the intent to deceive (or reckless disregard for truth or falsity); 4) intent to defraud or to induce action; 5) justifiable reliance by the deceived party.")

Moreover, assuming that the Assignments of Mortgage are the frauds about which the Rinaldis complain, the documents were not a communication to the Rinaldis, intended to induce the Rinaldis' reliance, and so do not qualify as a basis for a fraud claim by the Rinaldis. While the Rinaldis attempt to create out of thin air some sort of third-party-reliance fraud claim (arguing that because the state court was "defrauded," the Rinaldis are entitled to recover damages), no Wisconsin case has ever permitted such a recovery. The simple reason is that the Rinaldis' claim is no more than a collateral attack on the judgment of a state court, prohibited by

11

16622187v1 0936857

Case 12-02412-svk    Doc 68    Filed 11/01/12    Page 11 of 12

claim preclusion, ***Rooker-Feldman***, and the variety of statutes of limitation and other case law described above.

X. **CONCLUSION**

For the foregoing reasons, the Rinaldis' claims against the Gray Defendants should be dismissed in their entirety and with prejudice.

Dated this 1st day of November, 2012.

/s/Noah D. Fiedler
David J. Hanus
State Bar No. 1027901
Noah D. Fiedler
State Bar No. 1022277
Attorneys for Defendants Gray & Associates, LLP, William N. Foshag, Duncan C. Delhey, Jay J. Pitner, and Brian P. Perhach
HINSHAW & CULBERTSON LLP
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
Phone No.: 414-276-6464
Fax No.: 414-276-9220
E-mail Address(es):
dhanus@hinshawlaw.com
nfiedler@hinshawlaw.com