UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re                                                        Chapter 13
Roger Peter Rinaldi and                                      Case No. 11-35689-svk
Desa Lilly Rinaldi,
        Debtors.

---

Roger Peter Rinaldi and
Desa Lilly Rinaldi,
        Plaintiffs,
v.                                                           Adversary No. 12-02412

HSBC Bank USA, N.A., et al.,
        Defendants.

---

## DECISION AND ORDER ON MOTION
## TO TERMINATE ADVERSARY PROCEEDING

---

Roger Rinaldi and Desa Rinaldi (the "Debtors") filed a voluntary Chapter 7 petition on October 14, 2011. On March 21, 2012, the Court granted their motion to convert to a Chapter 13 proceeding. The Debtors' bankruptcy case followed entry of a foreclosure judgment against their residence in favor of HSBC Bank, U.S.A., National Association, as Trustee for Wells Fargo Asset Securities Corporation Home Equity Asset-Backed Certificates, Series 2005-2, c/o Wells Fargo Bank, N.A. ("HSBC") by the Circuit Court for Kenosha County (the "state court"). The Debtors based their unsuccessful defense in the foreclosure action on alleged improper assignments and allonges and various perceived irregularities in the mortgage transaction. Rather than appeal, the Debtors waited several months and filed a motion to vacate the foreclosure judgment, which the state court denied. Post-judgment, the parties entered into a loan modification, and the state court granted HSBC's motion to vacate the judgment of foreclosure. Less than five months later, the Debtors sued HSBC, Wells Fargo, and some of

their attorneys in state court, re-alleging essentially the same claims they unsuccessfully pressed in the initial foreclosure action. The defendants moved to dismiss. Before their motions were decided, the Debtors filed this bankruptcy case, automatically staying the state court proceedings.

The Debtors retained Attorney Wendy Nora to institute this adversary proceeding, object to HSBC's proof of claim and respond to HSBC's motion for relief from stay. Attorney Nora's pleadings were lengthy, rambling and bordered on incomprehensible. For example, in response to HSBC's motion for relief from stay, she filed an eleven-page motion plus thirty-one pages of exhibits seeking to strike the motion "for fraud on the Court and for sanctions" raising standing and alleged forged assignments of the Debtors' mortgage. (Docket No. 91.) Among other baseless arguments, she seized upon the Court's approval of an oral stipulation <u>in the Chapter 7 case</u>, that the stay would be terminated upon the grant of the Debtors' discharge, which merely reflects the operation of 11 U.S.C. § 362(c)(2)(C). (Docket Minutes on 12/19/2011.) The conversion of the case to Chapter 13 clearly changed the context of HSBC's entitlement to relief from stay, but Attorney Nora ignored the conversion and accused HSBC's attorneys of fraud on the Court. (Docket No. 91.) In the Debtors' twenty-one-page "Abbreviated Complaint" filed on June 17, 2012, the defendants include the law firms and individual attorneys representing the adverse parties. (AP Docket No. 1.) The claims Attorney Nora advanced in the complaint, motion to strike the stay relief motion and claim objection did not differ materially from the claims that the state court had rejected.

On February 22, 2013, the Court issued a comprehensive decision granting the defendants' motions to dismiss the adversary proceeding, overruling the Debtors' objection to HSBC's proof of claim, sustaining HSBC's objection to confirmation of the plan, denying the

2

Debtors' motion to disqualify the opposing attorneys, and ordering the Debtors to file a modified plan or the stay would be modified. (AP Docket No. 79.) Characteristically, Attorney Nora filed motions for reconsideration, and when those motions were denied, filed a motion to reconsider the denial of the motions for reconsideration. (Docket Nos. 125 – 127; 130 – 133.)

In the Court's memorandum decision, the Court commented upon the frivolous nature of some of the claims. (AP Docket No. 79.) For example, the Court stated:

> In paragraph 96 of their amended complaint, the Debtors attempt to detail the elements of their RICO claim. In paragraph 96(a)(1), the Debtors contend that the Note filed in the state court foreclosure was not endorsed. But the Debtors expressly challenged HSBC's standing in the foreclosure case, and the state court rebuffed their challenge. After losing the standing argument in state court, it is beyond frivolous for the Debtors to file bankruptcy, reiterate the same losing arguments and now claim, not only that the Note is invalid, but that the foreclosing creditor and its attorneys are liable for RICO violations for filing the Note as an exhibit to the foreclosure complaint.

*Id.* at 21.

On February 27, 2013, the "Wells Defendants" filed a motion for sanctions in the adversary proceeding. (AP Docket No. 82.) On February, 28 2013, the "Gray Defendants" filed a notice, motion and supporting affidavit seeking sanctions. (AP Docket Nos. 83 – 85.) The Court recorded docket notices that no action would be taken on the motions until the District Court entered a final order on the Court's proposed findings and conclusions on some of the adversary proceeding claims. After their motions for reconsideration were denied, the Debtors appealed and objected to the proposed findings and conclusions. On October 31, 2013, the District Court entered an order affirming this Court's order and adopting all of this Court's proposed findings of fact and conclusions of law. (AP Docket No. 93.) The District Court commented on the pending motions for sanctions:

> The Court notes that, were those motions not pending, it likely would *sua sponte* issue an award of sanctions against the debtors. Their activity has quite obviously

3

> been vexatious and time- and resource-consuming; but, more concerning is the fact that their submissions to the Court are nigh-unintelligible. The Court has done its best to piece together their arguments from the submitted documents, but—much like the defendants—has found much difficulty in pulling together the pieces. This gives the Court pause.

*Id*. at 19.

The Court then held a scheduling hearing on the sanctions motions and established a briefing schedule. The motions were partially briefed when the Debtors appealed the District Court's rulings to the Seventh Circuit Court of Appeals, and briefing was completed shortly after. Pending the Seventh Circuit's disposition of the case, the Court canceled the scheduled sanctions hearing. Once the Court of Appeals issued its decision affirming the District Court, the Court rescheduled the hearing for March 31, 2015. The Seventh Circuit also commented on the frivolous nature of the Debtors' claims and affirmed the District Court's award of sanctions against Attorney Nora.

The Debtors had dismissed their Chapter 13 case during the pendency of the appeals, but the Court retained jurisdiction to consider the sanctions motions. On March 27, 2015, two business days before the hearing, the Debtors filed a new Chapter 13 petition in this Court, and Attorney Nora filed a Chapter 13 petition in the District of Minnesota. In deference to the automatic stay in these new cases, the Court canceled the hearing on the motions for sanctions.

The Debtors' Chapter 13 case eventually was dismissed, but they then filed a Chapter 7 case and received a discharge. After converting to Chapter 11 and back to Chapter 13, on November 17, 2016, Attorney Nora was able to obtain confirmation of a plan. On November 22, 2016, Attorney Nora and the Debtors filed the instant motion to terminate this adversary proceeding, arguing that any sanction claims against the Debtors were discharged and that, unless she defaults on her plan and her case is dismissed, any claims against Attorney Nora will

4

be discharged by completion of the plan. The Wells Defendants and the Gray Defendants filed briefs opposing the termination of the adversary proceeding, suggesting that the discharge injunction does not apply and requesting that the Court hold an immediate hearing.

In their latest briefs, the defendants clarify the relief that they are seeking against the Debtors and Attorney Nora. The Wells Defendants are seeking an injunction against Attorney Nora and the Debtors to preclude them from filing any action arising out of the note and mortgage at issue in this case in any federal court without first obtaining leave of the court. (AP Docket No. 97 at 5-6.) The Wells Defendants never sought monetary sanctions against the Debtors and now have withdrawn their request for monetary sanctions against Attorney Nora. (AP Docket No. 137 at 2, 7, 9-10.) The injunctive relief sought by the Wells Defendants is not affected by the discharge injunction. By its terms the discharge injunction covers only the collection of a debt as a personal liability, and "debt" is defined as a right to payment or a right to an equitable remedy for breach of performance that gives rise to a right to payment. *See* 11 U.S.C. § 524(a) and § 101(5), (12). The Wells Defendants do not seek monetary sanctions, i.e., the collection of a debt. Instead, they ask the Court to restrain the Debtors and Attorney Nora from bringing more claims on the note and mortgage without prior approval of the court. Accordingly, the Court can proceed to consider the Wells Defendants' request for an injunction without violating the discharge injunction in the Debtors' Chapter 7 case or the prospect of a discharge in Attorney Nora's Chapter 13 case.

And given some of the comments in Attorney Nora's latest pleadings about the action she and/or the Debtors are contemplating in the future, this action may be necessary. In the combined reply to the Wells Defendants' response, Attorney Nora suggests that the Wells Defendants' failure to seek relief from stay or object to discharge in the Debtors' Chapter 7 case

5

resulted in the Wells Defendants' "consent" to the Debtors' preservation of the Debtors' $1,000,000 and $5,000,000 claims against the Gray Defendants and the Wells Defendants. (AP Docket No. 142 at 13.) No fewer than four courts (the state court, this Court, the District Court and the Seventh Circuit Court of Appeals) have rejected the Debtors' claims about their mortgage transaction and the assignments. Numerous motions to reconsider and appeals have been denied. Yet the Debtors and Attorney Nora continue to imply that they have valid claims against the Wells Defendants and Gray Defendants. Neither the Debtors' discharge nor Attorney Nora's potential Chapter 13 discharge prevents the Court from issuing an injunction against Attorney Nora and the Debtors to stop them from bringing yet another round of claims related to the Debtors' note and mortgage. *See In re Meltzer*, 535 B.R. 803, 820-21 (Bankr. N.D. Ill. 2015) (federal courts have a responsibility to protect themselves from abuse and have the authority to restrict the ability of abusive litigants to file). Under the circumstances, it is entirely appropriate for the Court to schedule a hearing and consider whether the entry of a pre-filing injunction is warranted.

The Gray Defendants do not presently seek any sanctions, monetary or otherwise, from the Debtors. (AP Docket Nos. 83 at 1; 138 at 2.) The Gray Defendants' motion is directed at Attorney Nora and requests a monetary sanction against her for "all attorneys' fees incurred" and an order "preventing [her] from appearing in any Eastern District bankruptcy matter until the monetary award is fully paid." (AP Docket No. 98 at 7.) The Gray Defendants argue that the automatic stay does not apply to determination of their request for sanctions, and that may be true. *See Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993) ("proceeding to impose sanctions under Rule 11 is exempt from the automatic stay, pursuant to 11 U.S.C. § 362(b)(4), which exempts actions brought pursuant to governmental police or regulatory powers."); *but see In re*

*Orenshteyn*, 500 B.R. 305 (Bankr. D. Mass. 2013) (stay lifted to allow creditor to pursue sanctions award, later determined to be discharged).

However, upon Attorney Nora's successful completion of her confirmed plan and receipt of a Chapter 13 discharge, her monetary obligation to the Gray Defendants would be discharged. Some courts have excepted sanctions awards from a Chapter 7 discharge as debts for willful and malicious injuries under 11 U.S.C. § 523(a)(6). *See, e.g., French, Kezelis & Kominiarek, P.C. v. Carlson (In re Carlson)*, 224 B.R. 659, 662 (Bankr. N.D. Ill. 1998), *aff'd*, No. 99 C 6020, 2000 U.S. Dist. LEXIS 1906 (N.D. Ill. Feb. 17, 2000), *aff'd*, No. 00-1720, 2001 U.S. App. LEXIS 23159 (7th Cir. Oct. 23, 2001). But the landscape in Chapter 13 is different. Section 1328(a) states that all debts provided for by the plan are discharged, with certain exceptions. First, the Gray Defendants' sanctions claims are provided for by the plan, as the documents attached to Attorney Nora's motion indicate the defendants were listed as creditors in her Chapter 13 case. Second, none of the exceptions appear to apply. Various claims described in subsections of § 523 are not discharged in Chapter 13, but § 523(a)(6) is not included in the list. The "willful and malicious injury" exception is rewritten in Chapter 13 to except only "damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." 11 U.S.C. § 1328(a)(4). Although some of the Gray Defendants are individual lawyers, the damages in this case for the legal fees incurred in responding to frivolous pleadings do not rise to the requisite level of personal injury. Accordingly, unless and until Attorney Nora's Chapter 13 case is dismissed, determining monetary sanctions against her would be fruitless.

Therefore, the Court will schedule a hearing on the Wells Defendants' request for an injunction against the Debtors and Attorney Nora. The Court hereby terminates this adversary

proceeding as to the motion for sanctions filed by the Gray Defendants, without prejudice to the renewal of that motion in the event Attorney Nora's Chapter 13 case is dismissed or converted to Chapter 7.

IT IS SO ORDERED.

Dated: January 10, 2017

By the Court:

*Susan Kelley*

Susan V. Kelley
Chief U.S. Bankruptcy Judge