UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re Chapter 13
Roger Peter Rinaldi and                          Case No. 11-35689-svk
Desa Lilly Rinaldi,
Debtors.
- - - - - - - - - - - - - - - - - - - - - - - -
Roger Peter Rinaldi, et al.,
     Plaintiffs,
v.                                            Adversary Case No. 12-2412
HSBC Bank USA, N.A.,
as Trustee for the Wells Fargo Home Equity Trust 2005-2, et al.,
     Defendants.

---

PRELIMINARY OBJECTION TO DECISION AND ORDER (DOC. 144) AND
NOTICE OF HEARING (DOC. 145) AND NOTICE OF DISPUTED FACTS REQUIRING
AN EVIDENTIARY HEARING

---

**PLEASE TAKE NOTICE** that the undersigned, on her own behalf and on behalf of Roger Peter Rinaldi and Desa Lilly Rinaldi objects to the Court's Decision and Order of January 10, 2017 (144) and to the Notice of Hearing thereon (Doc. 145) and gives notice of disputed facts which require an evidentiary hearing upon the following nonexclusive grounds:

    1. The Decision and Order appears to be a *sua sponte* Order under Fed. R. Bankr. P. 9011(c)(1)(B) as it exceeds the issues articulated in and the scope of the October 4, 2012 safe-harbor notice (Doc. 82-1).

    2. An Order to Show Cause is required when the Court *sua sponte* seeks to impose sanctions on an attorney and/or litigant.

    3. Fed. R. Bankr. P. 9011(c)(1)(B) provides:

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court
determines that subdivision (b) has been violated, the court may, subject to the conditions

1

stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

. . .

(B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

3. Notice is hereby given that the issue raised in the January 10, 2017 Decision and Order involve, in significant part, issues for which no safe-harbor notice was given and raise multiple issues of disputed fact.

4. An evidentiary hearing must be held after the Court enters the required Order to Show Cause, based on the conduct it has identified in the January 10, 2017 Decision and Order.

5. In the alternative, the undersigned and the Rinaldis request that an evidentiary hearing be held on the issues address in the January 10, 2017 Decision and Order which contains multiple errors of fact, which is not surprising, because the Rinaldis have never been allowed to present evidence which would exonerate them and Attorney Nora.

6. This is a preliminary objection only and the Rinaldis and Attorney Nora will be amending this filing to provide detailed examination of the errors of fact upon which Judge Kelley, *sua sponte*, relies.

//
//
//
//
//

Dated at Madison, Wisconsin this 11ˢᵗ day of January, 2017.

*/s/ Wendy Alison Nora*

Wendy Alison Nora,
on her own behalf and by limited appearance for Roger Peter and Desa Lilly Rinaldi
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
VOICE: (612) 333-4144
FAX: (612) 206-3170
accesslegalservices@gmail.com

**UNSWORN DECLARATION OF SERVICE**

Wendy Alison Nora declares, under penalty of perjury, that she filed the above-captioned document with the United States Bankruptcy Court for the Eastern District of Wisconsin on January 11, 2016 by CM/ECF and thereby served the same on all counsel of record appearing in the above-captioned matter.

*/s/ Wendy Alison Nora*
Wendy Alison Nora